| 1 | 511 |
| 185 | 146 |

## EVANS, ADMINISTRATOR v. NORRIS, STODDER & CO.

1. It is not necessary to state in a commissission to take the deposition of a witness, in a case in which a mercantile firm is a party, the names of all the parties composing the firm, but it will be sufficient to identify the commission as a paper in the cause, to describe the firm by its style, as N. S. & Co.
2. Where a general replication is filed to a plea of the statute of non claim, the burthen of proof is cast on the plaintiff; but if the plaintiff reply specially, that advertisement was not made by the defendant within two months after the grant of letters of administration, such replication, as it would admit that no presentment had been made, would shift the *onus* to the defendant.
3. A drawer of a bill of exchange accepted for his accommodation, is not entitled to a notice of non payment.
4. When an entry appears on the record, that on suggestion of the plaintiff, the defendant had been removed from his office of administrator, and a *sci. fa.* is ordered to issue to the sheriff, and no return is made, if it appear from the record, that afterwards the defendant appeared, and that judgment was rendered against him, on the verdict of a jury, it will be presumed that the order for a *sci. fa.* was vacated, or waived by the parties.

Error to the Circuit Court of Wilcox County.

ASSUMPSIT by the defendants in error, against the plaintiff in error.

Pleas, non assumpsit, payment and set-off, statute of limitations, and statute of non claim; upon all of which issue was taken.

At the fall term, 1839, being the trial term of the cause, this entry appears: "Norris, Stodder & Co. v. Josiah T. Evans, administrator. This day came the plaintiff by his attorney, and suggests to the court the revocation of the defendant's letters of administration, whereupon, on motion, ordered by the court, that a *scire facias* issue to Jonathan M. Hill, sheriff, administrator of the estate of said Thomas Evans, deceased, to be made a party defendant, and cause continued."

At the May term, 1840, a judgment was entered in the following words: "Norris, Stodder & Co. v. Josiah T. Evans, ad-

ministrator.    This day came the parties, by their attornies; and thereupon, came a jury, to wit," &c.

The jury found a verdict for the plaintiff, and judgment was entered against the *defendant*, for the amount of the verdict, to be levied of the goods and chattels of Thomas Evans, in his hands to be administered.

On the trial, a bill of exceptions was taken, from which it appears, that the plaintiff offered to read the deposition of Charles C. Langdon, which was objected to, because the commission by virtue of which the deposition was taken, recited, that it was to be read as evidence in a cause in which Norris, Stodder & Co. were plaintiffs, and Josiah T. Evans, administrator, &c. was defendant; because the parties plaintiff to the writ and declaration are Thomas P. Norris, Calvin Norris, Henry Parish, Daniel Parish, Leroy Wiley, and David Stodder, merchants and partners, trading under the firm and style of Norris, Stodder & Co., which objection was overruled by the court, and the deposition permitted to be read to the jury.

The plaintiff having offered no evidence on the statute of non claim, the defendant by his counsel moved the court, that as the plaintiff had failed to prove, either the time when the letters of administration were granted, or that said claim had been presented to said defendant, that they could not find for the plaintiff, unless some proof had been adduced on the part of the plaintiff, of the presentment of said claim, which charge the court refused to give.

The defendant by his counsel, further moved the court to charge the jury, that in order to charge the drawer of a bill of exchange, which had been accepted, that there must be a protest for non payment, and notice of the non payment and protest, given to the drawer in proper time; which instruction the court refused to give to the jury; but charged them, that if the acceptors had not at any time, funds of the drawer in their hands, or if they should find, that the drawer had no reasonable grounds, predicated on funds in the hands of the acceptors, to believe that the bill would be paid, no notice was necessary.    To the charges

Evans, Administrator v. Norris, Stodder & Co.

given, as well as to those refused, the defendant below excepted, and now assigns for error.

PROCTOR, for plaintiff in error.
LAPSLEY, contra.

ORMOND, J.—The court did not err in permitting the deposition to be read. The declaration having described the persons composing the mercantile firm of Norris, Stodder & Co., it was sufficient to entitle other papers in the cause, such as affidavits, motions, commissions to take depositions, &c. with the style of the firm, which was doubtless its designation on the docket. The object being merely to identify it, as one of the papers of the cause. This is *prima facie* sufficient. If a doubt should arise, from their being more causes than one between the same parties at issue, to which the paper belonged, it would devolve on the party producing it, or relying on it, to show to which cause it belonged.

The drawer of an accepted bill of exchange, is entitled to notice of its dishonor, only when he can be prejudiced by want of notice; this he cannot be when he has no funds in the hands of the drawee: at least, this is well established as the general rule. Whether there may not exist cases, in which the drawer would be entitled to notice, when he had not funds in the hands of the drawee or acceptor, is a question not necessary to be settled in this case. We are not informed by the bill of exceptions, what the facts of the case were, and must assume therefore, that they were applicable to the charge, which is, in substance, that the drawer of an *accommodation* bill, is not entitled to notice of the non payment of the bill by the acceptor.

The plea of the statute of non claim, casts on the plaintiff the necessity of entitling himself to his action, by proving a demand of the representative of the deceased, within eighteen months after the granting letters testamentary or letters of administration. To hold otherwise, would be to require what in most cases, would be impossible for the defendant to prove, that the claim was not presented within the time required by law. It

65

is true, the plaintiff may in such a case, reply specially to the plea, that the defendant did *not* make the advertisement, which the law requires, within two months after the grant of the letters of administration. Such a replication, as it would admit that no presentment had been made, would present a new issue, the affirmative of which, would be cast on the defendant. In this case, the pleadings are in short, and we cannot presume that a special replication was put in by the plaintiff. Such being the case, the issue before the jury was, whether the claim was presented within eighteen months after the grant of letters of administration, and of which as before stated, the plaintiff held the affirmative.

The assignment of error, that the judgment was entered against the plaintiff in error, after the revocation of his letters of administration, and when he was not a party to the cause, is not sustained by the record. It is true, that there is an entry on the record, of a suggestion that the letters of administration of the plaintiff in error had been revoked, and a *sci. fa.* directed to issue to the sheriff, to make him a party to the cause. The record contains nothing more on the subject; and at a subsequent term of the court, the record recites that the plaintiff in error, appeared by his counsel, and that judgment was rendered against him, on the verdict of a jury.

This we must presume to be the fact, unless we question the verity of the record. It does not appear that the sheriff was ever a party to the suit, and we must presume that the previous order substituting the sheriff for the plaintiff in error, as the defendant in the cause, had been vacated, or was waived by the counsel of the parties.

For the error in refusing to charge the jury that the plaintiff could not recover under the plea of the statute of non claim, without proving a presentment of the claim within eighteen months after the grant of letters of administration.

The judgment is reversed, and the cause remanded.