# DeBARDELABEN ET AL. vs. STOUDENMIRE ET AL.

[APPLICATION TO SET ASIDE SALE OF LANDS OF DECEDENT, &C.]

1. *Probate court; when obtains jurisdiction to order sale of decedent's lands for distribution.*—An application to the probate court by an executor or administrator of a deceased person to sell the lands of the estate for distribution is, essentially, a proceeding *in rem*, and when the court has acquired jurisdiction by a petition filed containing the jurisdictional facts, an order of sale will not be void for errors that may intervene in the after proceedings of the case.

2. *Void order of sale; who may petition to have set aside.*—If, however, the petition is insufficient to give the court jurisdiction, the order of sale and a sale made under it will be void, and may be set aside and vacated in the court by which the order was made, on the application of any person or persons interested in, or prejudiced by, said order of sale.

3. *Jurisdiction; what construction will be put upon words used in petition, to uphold.*—The petition need not pursue accurately the language of the statute; any words that necessarily convey to the mind all that the statute requires will be sufficient, and the words used should be construed liberally and favorably, to sustain the jurisdiction of the court and the validity of the order of sale.

4. *County in which lands are situate; what description of lands will support jurisdiction.*—If the petition omits, in words, to state that the lands are in the county, or within the jurisdiction of the court in which the application is made, yet, if such a description is given as to leave no real difficulty in identifying the lands intended, it will be sufficient, especially if no objection is interposed before the final order of sale is made.

APPEAL from the Probate Court of Autauga.
Tried before Hon. W. G. M. GOLSON.

The transcript of the record in this case did not come into the Reporter's hands, and a search for it in the clerk's office has proved ineffectual. The opinion of the court seems to set forth all the facts necessary to a proper understanding of the case.

NORTHINGTON, and MORGAN, BRAGG & THORINGTON, for appellant.
WATTS & TROY, *contra*.

PECK, C. J.—The lands of an estate may be sold by order of the probate court having jurisdiction of the estate, when the same can not be equitably divided amongst the heirs or devisees.—Rev. Code, § 2221.

The application for that purpose must be made by the executor or administrator; must describe the lands accurately, and give the names of the heirs or devisees, and their places of residence; and such application must also state, if any, and which of said heirs or devisees are under the age of twenty-one years, or married women, or of unsound mind.—Rev. Code, § 2222.

A proceeding on such an application is, essentially, a proceeding *in rem*, and the jurisdiction of the court attaches, on the filing of the petition by the executor or administrator, setting forth the statutory grounds authorizing such sale; and an order of sale made on such an application will not be void for errors that may intervene in the after proceedings. Subsequent errors may render the order of sale erroneous, and liable to be reversed on appeal, but it will not be void.—*King v. Kent's Heirs*, 29 Ala. 542; *Satcher v. Satcher's Adm'r*, 41 Ala. 26.

A final order for the sale of the lands of a deceased person for distribution, made by a probate court on the application of the executor or administrator, can only be set aside and vacated in the same court, on the ground that it is void; not because it is erroneous. For errors in the proceedings and final order, the same may be reversed, but it can not be set aside and vacated by the court in which the order was made.—*Johnson v. Johnson's Adm'r*, 40 Ala. 247; *Satcher v. Satcher's Adm'r, supra*.

To determine whether the probate court decided correctly, in overruling the appellant's motion to set aside and vacate the order of sale in this case, we must examine the petition of the administrator, and see whether its statements, properly interpreted, conferred on the said court jurisdiction to make the said order; in other words, whether it contains the jurisdictional facts required by said section 2222 of the Revised Code above referred to. It must be

DeBardelaben et al. v. Stoudenmire et al.

admitted, the petition is very unskillfully and inartificially drawn. This, however, is not sufficient to render the order of sale invalid; to do this, some essential requisite of the statute must be omitted. The petition need not pursue accurately the language of the statute; any words that necessarily convey to the mind all that the statute requires is sufficient; and the words, used in their proper connection, are to be construed liberally and favorably to sustain the jurisdiction of the court and the validity of the order of sale.—*King v. Kent's Heirs, supra.* In that case, the court, speaking of a proceeding in the probate court for the sale of the lands of a deceased person, say: "When the petition is directly assailed, the question is one of pleading, and the intendments are made against the pleader; but a different rule prevails, when the proceedings have gone into a decree under which rights of property have attached. Then every reasonable intendment, in the construction of the language of the petition, must be in favor of the validity of the paper. Under a different rule, designing persons might withhold objections for amendable defects until after the proceedings had terminated and rights had attached, and then vitiate the whole proceeding; thus converting a court of justice into a snare." In the case of *Satcher v. Satcher's Adm'r, (supra,)* the case of *King v. Kent's Heirs* is referred to, and like reasoning employed; besides, it is a case like the present, an application to the probate court to set aside and vacate a previous order of the court for the sale of the lands of a deceased person for distribution, and a sale made under such order, which, as in this case, had been confirmed by the court and the administrator ordered to make a deed to the purchaser, &c.

We will now proceed to examine the petition in this case, in connection with the objections made to it, having reference to its sufficiency to give the court jurisdiction of the application.

The first objection of this character is, that but one of the administrators filed the petition for the sale of the lands, his co-administrator not being a party to said peti-

tion. By looking to the petition alone, we are not informed that there was more than one administrator. The petition was filed by Josephus M. B. Stoudenmire, as administrator, &c., in June, 1863. A previous part of the record, however, shows that in August, 1859, nearly four years before, the said Josephus M. B. and John G. Stoudenmire were appointed administrators by the probate court of Autauga county; that they gave bond and qualified as the administrators of the estate of their deceased father, William J. Stoudenmire. The record fails to show that said John G. ever took any part in the administration of the estate of said deceased, nor does it show that he had resigned. The final settlement of the estate, as it appears in the record, was made by said Josephus M. B. alone, in December, 1863, and a decree was rendered against him, in favor of said John C., for his distributive share of said estate, and he appeared in open court and acknowledged full payment and satisfaction of said decree, which was entered of record. He also appeared, on said settlement, as the guardian of one of the infant distributees, in whose favor a decree for a distributive share of said estate was rendered, and as such guardian acknowledged full payment and satisfaction of said decree, which was entered of record accordingly. From all this, it seems to us not unreasonable to presume, that if he had not actually resigned, he had at least ceased to take any part in the administration of said estate, and that the said Josephus M. B. Stoudenmire was the sole acting administrator. But, whether this be so or not, his failure to join in the petition for the sale of the lands did not affect the jurisdiction of the court in the premises; it amounted to an error merely, and nothing more. The non-joinder of a proper party plaintiff never defeats the jurisdiction of the court; it is an error only, which, if the plaintiff sues in his own right, is fatal on demurrer, or on motion in arrest of judgment, or on error. If, however, the plaintiff sues in *autre droit*, as executor or administrator, it can only be taken advantage of by plea in abatement.—1 Ch. Pl. 13, 20. This objection, therefore, is not well taken.

DeBardelaben et al. v. Stoudenmire et al.

The only other question affecting the jurisdiction of the court that it is deemed necessary to consider, is the objection, that neither the petition nor the decree for the sale of the lands shows that the lands described in the petition were within the jurisdiction of the court, or in the State of Alabama.

We have found no little difficulty in coming to a satisfactory solution of this question; but a careful examination of the petition, and construing the words employed by the rule of this court, as laid down in the cases of *King v. Kent's Heirs* and *Satcher v. Satcher's Adm'r*, *supra*, that the language of the record, in such cases, should be construed most favorably for the maintainance of the jurisdiction and decree of the court, our minds are drawn to the conclusion, that it sufficiently appears, from the petition, that the lands described therein are in the county of Autauga. .

Although it is not directly so stated in the petition, yet what is said, reasonably interpreted, leads to that conclusion, and with the data therein stated it seems to us no real difficulty could exist in determining the county, as well as the particular location of the lands described in the petition.   In the first place, such an application is to be made to the probate court of the county having jurisdiction of the estate.—Rev. Code, § 2221.  The petition shows that the probate court of Autauga county is that court.  The petitioner received his appointment as administrator from that court.  The lands described in the petition consist of two tracts, or parcels; the first is described as the tract that had been assigned as dower to the widow, being a part of the south-west quarter of section eight, township sixteen, in range fourteen; metes and bounds, courses and distances are given, to distinguish the part of said quarter section that had been assigned as dower to the widow; and further, that it was bounded on lands formerly owned by William Pickett, containing seventy-five acres, and known as the Hendon tract.

The other tract is described as a quarter section, the

number not known, containing 160 acres, on which was the residence of the late William J. Stoudenmire, petitioner's father and intestate, and bounded as follows: On the east by R. P. Houser's land, on the north by Samuel Stoudenmire's land, on the west by Ed. Stoudenmire's land, and on the south by land of said R. P. Houser, purchased at a sale of lands belonging to the estate of said Wm. J. Stoudenmire, deceased.

With the description of the lands here given, we think no serious difficulty would exist in finding the lands intended, and when found, the county itself would be known. The larger tract is a quarter section, and bounded on its four sides by lands of three named individuals; and the other tract is land assigned to the widow as dower. With the names of the individuals given, and the records of the court, both tracts could be easily identified, and the maxim is, "*id certum est quod certum reddi potest.*" Such a description would be sufficient in an action of ejectment, and we can see no reason why greater certainty should be required in a proceeding of this kind. This objection, therefore, can not be permitted to prevail.

The other objections are based upon defects and errors, alleged to have intervened in the proceedings after the court below had acquired jurisdiction; and by the uniform decisions of this court, such defects and errors are held not to invalidate the order of sale, or the sale made under it; consequently, the probate court committed no error in refusing to set aside and vacate either the order of sale or the sale made under said order.

The judgment is affirmed, at the costs of the appellants.

NOTE BY REPORTER.—At a subsequent day of the term, the appellant applied for a rehearing. The application was denied at the present term, the following response being made by

PECK, C. J.—The reasons for a rehearing offered by appellants refer, almost exclusively, to errors alleged to have intervened in the proceedings in the probate court,

after that court had acquired jurisdiction of the case by a sufficient petition. Such errors can only be corrected on appeal. They do not render the decree of the court void, and, consequently, the court at a subsequent term has no authority to set the decree aside and declare it void.—See the cases referred to in the opinion.

The apparent inconsistencies in the dates in the transcript must be regarded as clerical misprisions, and can not affect the decree that has been affirmed, on such an application as the present.

The rehearing is denied, with costs.