# Mitchell *et al.* Adm'rs *v.* Lea, Adm'r.

*Action on Promissory Note.*

1. *Statute of non-claim; burden of proof, when pleaded.*—Where the personal representative pleads the statute of non-claim, the burden of proving presentation is thereby cast on the plaintiff, and if he fails to do so, his action must fail.

2. *Statute imposing costs on failure to present, &c., construed.*—The statute imposing costs on the plaintiff, although successful in a suit against the personal representative on a demand against the testator or intestate, unless the claim was presented before suit, was intended to prevent the burdening of estates with costs of suit which would have been avoided by presentation; it was not intended to charge the successful plaintiff with the costs of a suit, to which he would have been driven in any event, accruing from litigation on the merits or existence of the debt, independently of the question of presentment.

APPEAL from Circuit Court of Dallas.

Tried before Hon. M. J. SAFFOLD.

One Hill, as executor of Jas. Bell, brought this suit on the 5th day of January, 1870, against the appellees, Georgia and Bruce Mitchell, as administrators of James Vaughan, deceased, to recover the amount of a promissory note made by defendants' intestate and payable to plaintiff on the 18th day of October, 1867. Hill having died, the suit was re-

vived in the name of Lea, as administrator *de bonis non*, on the 26th day of November, 1872.

The note sued on was given for property of Bell which Hill had sold under order of the Probate Court, and recovery was sought to be defeated on various grounds: among them, the plea of the statute of non-claim; that the court of probate had no jurisdiction to order the sale; and that the consideration had failed, &c. These defenses were embodied in eleven different pleas, to some of which demurrers were sustained, and a trial was had on issue joined on the rest. It is unnecessary, in the view this court took of the case, to refer more particularly to the pleas or the evidence introduced in support of them. There was a verdict and judgment against the defendants, who reserved several exceptions to the rulings of the court, and having reserved a bill of exceptions, which states that it contains all the evidence, brought the case here by appeal.

It is unnecessary to refer more particularly to the evidence than to state that it was not shown when Vaughan died, nor when appellants qualified as his administrators; nor that the note had ever been filed in the Probate Court as a claim against the estate, or presented to defendants.

The defendant requested the following charge in writing: "This action is brought against the legal representatives of the estate of James H. Vaughan, deceased, and defendants have pleaded the statute of non-claim—that is, that the note sued on was not presented according to law to the legal representatives of said James Vaughan, deceased, within eighteen months after the same accrued, or within eighteen months after the grant of letters of administration on said estate, as that said note, or a statement thereof, was not filed in the office of the probate judge, in which letters of administration on said estate had been granted; unless the proof satisfies the jury that said claim was presented to the legal representatives within eighteen months from the accrual thereof or from the grant of letters of administration on said estate, or was so filed in the office of said judge of probate, the plaintiff can not recover." The court refused to give this charge, and the defendants excepted. The jury having retired and returned a verdict for the plaintiff, " the defendants moved to tax the plaintiff with all the costs of the suit, on the ground that the plaintiff had failed to prove a presentation of the note sued on in the case." The court refused to grant this motion, and the defendants excepted.

The refusal to give the charge requested, and the over-

ruling of the motion to tax the plaintiff with the costs, are assigned, among other things, for error.

PETTUS, DAWSON & TILLMAN, for appellant.

WHITE & WHITE, *contra*.

BRICKELL, C. J.—1. In *Evans, adm'r v. Norris, Stodder & Co.,* 1 Ala. 511, it was decided, "the plea of the statute of non-claim casts on the plaintiff the necessity of entitling himself to his action, by proving a demand of the representative of the deceased, within eighteen months after the granting letters testamentary, or letters of administration. To hold otherwise would be to require what in most cases would be impossible for the defendant to prove, that the claim was not presented within the time required by law." The charge requested by the appellants embodied the proposition, and the court erred in refusing it. If the plaintiff did not rely on a mere denial of the allegations of the plea—that is, of the negative averment of a failure to make presentment—if he relied on any cause for excepting the case from the operation of the statute, it was matter of special replication. The denial of the failure to make presentment involves the affirmation of presentment, and the plaintiff stands in the position of a party asserting an affirmative fact he is bound to prove. The affirmative fact can only be proved by evidence of the time of the grant of administration, and a presentment within eighteen months thereafter. Nor is it easy to conceive of any matter of special replication to the plea which would not be an affirmation of a fact the plaintiff must of necessity prove in answer to the plea, and in support of the action.

2. The statute charges a plaintiff suing a personal representative on a demand against the testator or intestate, with the costs of suit, though he may recover, if he fails to prove presentation before suit, within eighteen months after the grant of administration to the personal representative. (R. C. § 2243.) In *Wallace v. Nelson, adm'r,* 28 Ala. 284, it is said: "The obvious design of the statute was to prevent estates from being mulcted into costs, on account of demands which would have been paid or arranged without such costs, had they been presented to the personal representative of the decedents." This is manifestly the purpose of the statute, and in its application, when the personal representative seeks only to be relieved from the payment of the

[Harrison v. Gordy, Judge, &c.]

costs, because of the failure to make presentment, otherwise than by the commencement of suit, there can be no difficulty. A mere suggestion on the record, in the nature of a plea, not as a bar to the action, but to prevent the operation of the general statute giving costs to the party recovering judgment, would charge the costs on the plaintiff. The statute must not, however, operate so that the plaintiff will be charged with costs of suit, to which he would have been driven, if he had made presentment, and which accrue from litigation on the existence or merits of the demand. In such a case, if the statute of non-claim does not operate a bar to the suit, and presentment is not a material fact; if the real litigation is on other matters, affecting the merits and existence of the demand; the costs should follow the judgment. There is no room for the operation of the statute; presentment would not have saved the costs. It would have been useless and vain, and laches cannot be imputed to the plaintiff because it was not made. It is apparent the litigation in this case would not have been avoided by a presentment of the claim; the validity of the claim—whether it was a subsisting liability capable of enforcement—was the *gravamen* of the controversy, which would have been waged, if presentment had been made. The statute would be an invitation to litigation and accumulation of costs, if it was applied in such a case. Instead of being a *shield* to protect estates against unnecessary costs, it would become a *sword*, which obstinate and litigious personal representatives could wield to the injury of just creditors and claimants. The court correctly refused to tax the costs against the appellee.

The assignments of error cover numerous questions we have not considered, because not argued by the appellants. We pass them over, as a reversal follows the refusal of the charge, to which we have referred, and they may not arise on another trial, or may be differently presented.

The judgment is reversed, and the cause remanded.