# Hosea *v.* Talbert.

*Action on Promissory Note, by Payee against Makers.*

| 65 | 173 |
|----|-----|
| 95 | 111 |
| 95 | 203 |

| 65 | 174 |
|----|-----|
| 108 | 293 |

| 65 | 173 |
|----|-----|
| 115 | 696 |

1. *Waiver in note, of exemptions; presumption in favor of judgment.*—In an action on a promissory note, which is not set out, but in and by which, as the complaint averred, "the defendants waived all constitutional and statutory exemptions;" judgment on verdict being rendered for the plaintiff, on issue joined on the plea of *non est factum,* but without incorporating in it the waiver of exemption; this court will not reverse, on account of the refusal to amend the judgment by setting out the waiver, when the record does not show on what evidence the action of the court below was based : in the absence of the evidence, the presumption will be indulged that it justified the refusal to amend.

APPEAL from the Circuit Court of Marengo.
Tried before the HON. LUTHER R. SMITH.

EUGENE McCAA, for appellant.

W. E. & R. H. CLARKE, *contra.*

BRICKELL, C. J.—The complaint is founded on a promissory note, and, after describing the note, contains an averment, "that in and by said note the said defendants waived all constitutional and statutory exemptions under the constitution and laws of Alabama." Two of the defendants did not appear, or plead. Five of them pleaded *non est factum,* and the statute of frauds. A demurrer was sustained to the latter plea, and issue was joined on the other ; and there was a verdict and judgment for the plaintiff. Subsequently, the plaintiff moved to amend the judgment-entry, so that it would recite and declare the waiver by defendants "of exemptions under the constitution and statutes of this State." The motion was overruled, and that is the matter of error assigned by the appellant.

It is not shown, by bill of exceptions or otherwise, what evidence was introduced in support of, or in opposition to the motion to amend the judgment, nor upon what ground the motion was overruled. In this state of the record, it must be presumed, in support of the judgment of the pri-

[Scott v. Ware.]

mary court, that there was before it sufficient evidence to authorize the judgment. A party complaining of error, is bound to show it affirmatively. An appellate court may not see clearly that the judgment complained of is right: unless it is clearly and affirmatively shown to be erroneous, the presumption of correctness must prevail.—1 Brick. Dig. 781, §§ 118-120. It is not unreasonable to presume that, upon an examination of the note, the court was satisfied the intention to waive was expressed too vaguely, or ambiguously, for any effect to be given to it; or that the words, which the plaintiff construed as a waiver, would not bear that construction. The complaint does not set out that part of the note, either according to its tenor and effect, or in *hæc verba*; but contains no more than an averment of the conclusion reached by the pleader from his own examination of it. That conclusion may have been erroneous. It is unnecessary to speculate as to the facts which may have been shown to the court, compelling a refusal of the motion to amend. The refusal is not affirmatively shown to have been erroneous, and, of consequence, the judgment must be affirmed.

The appellees have waived the cross-assignment of errors, in the event the assignment in chief does not prevail; and they are not, of consequence, considered.

Affirmed.