# Agnew v. Walden & Son.

*Action on Promissory Note, by Payees against Administrator of Deceased Maker.*

1. *Error without injury in ruling on pleadings.*—The sustaining of a demurrer to a special plea, if erroneous, is error without injury, when the record shows that the defendant had the full benefit of the same defense under other pleas, on which issue was joined.

2. *Non-claim; description of claim on filing.*—To avoid the statute of non-claim, when pleaded to an action on a promissory note (Code, § 2083), it is not necessary to show that the note itself, or a copy of it, was filed in the office of the probate judge, when it appears that the claim as filed was sufficiently described by name, amount, date, &c.; and being so described, the sufficiency of the filing is not affected by the fact that it is called a *note*, when it is under seal; nor by the fact that it is described as payable on the day of its date, when it is in fact payable one day after date; nor by its withdrawal from the file of claims, and the failure to return it.

3. *Same; waiver of exemptions in note, and abandonment thereof.* When a note, or statement thereof, is filed as a claim against the estate of the deceased maker, whether it is necessary to state the fact

[Agnew v. Walden & Son.]

that it contains a waiver of exemptions, is not decided; the description of the claim being otherwise sufficient, and a simple judgment for money rendered, which amounts to an abandonment of the waiver.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Walden & Son, suing as partners, against L. D. Agnew, as administrator of the estate of J. R. Dorsey, deceased, and was commenced on the 18th June, 1886. The action was founded on a bond, or promissory note under seal, which, as set out in the complaint, was signed by said Dorsey, and in these words: "$500. One day after date, I promise to pay Walden & Son, or bearer, five hundred dollars; and to secure the same, I hereby waive all exemptions or relief laws under the statutes and constitution of Alabama, the said sum being retainer to said Walden & Son as my attorneys in case of the State of Alabama against me, charged with homicide. Witness my hand," &c. The cause was tried on issue joined on the 3d, 9th, and 10th pleas, which were: (3) want of consideration; (9) partial failure of consideration; (10) the statute of nonclaim. The note, or bond, was not produced on the trial, but the court admitted secondary evidence of its contents, on proof of its execution and loss; and the defendant reserved an exception to its admission on this proof. It was proved that J. R. Dorsey, at the time he executed the note, was confined in the county jail of Cherokee under a charge of murder, and employed the plaintiffs, as attorneys, to defend him; that plaintiffs prepared a petition for *habeas corpus*, to procure his release, or discharge on bail; and that said Dorsey, before the day appointed for the hearing, was taken from the jail by a mob, and hanged. The defense of a failure of consideration, total or partial, was founded on these facts.

As to the statute of non-claim, it was admitted that the defendant's letters of administration were granted on the 24th November, 1884. J. A. Walden, one of the plaintiffs, testified that he carried the note to the office of the judge of probate, on the 13th June, 1885, and had it registered as a claim against Dorsey's estate; that he left the note on file, but afterwards withdrew it, and never returned it to the file. The entry on the registry of claims was in these words: "Name of claimant, *Walden & Son;*" "Nature of claim, *note;*" "Date of claim, *October 9th, 1884;*" "Amount of claim, $500.00;" "When due, *October 9th, 1884;*" "Date of filing, *June 13, 1885.*" The defendant testified that, after hearing that a claim had been filed against his intestate's estate by

Walden & Son, he went to the office of the probate judge, and asked to see it, but it was not on file; that he then went to the office of Walden & Son, and asked to see the note, but was told "that it was none of his business unless he wanted to pay it." The defendant objected to the admission of the record memorandum of the filing of the claim, on the ground that it was insufficient, and because the claim therein described was variant from the claim sued on; and he excepted to the overruling of his objection. On all the evidence adduced, the court charged the jury, if they believed the evidence, to find for the plaintiffs on the issue of the statute of non-claim, if they believed the evidence; and to this charge the defendant excepted.

The rulings on pleadings and evidence, and the charge given, are assigned as error, 19 assignments in all.

MATTHEWS, DANIEL & CARDON, for appellant.

STONE, C. J.—This case was tried on pleas numbered 3, 9 and 10, and under them the entire defense was made which could have been presented. We will not consider the rulings on the demurrers to the other pleas; for, whether right or wrong, they worked no injury.—*Mitcham v. Moore*, 73 Ala. 542; *Rice v. Drennan*, 75 Ala. 335. It is not our intention, however, to intimate there was any error in the rulings.

On the former appeal—84 Ala. 502—we held the evidence was sufficient in this case to show that a proper statement of the claim had been filed in time in the office of the judge of probate, to meet the requirements of the statute.—Code of 1886, § 2083. We adhere to what we then said. We confine it, however, to the simple fact of the debt—five hundred dollars, evidenced by the note under seal. Of this claim, as a debt against the estate, the presentation, or filing, was sufficient.

The claim sued on, as described in the complaint, and as the testimony tends to show, contains a waiver of all exemptions or relief laws under the statutes and constitution of Alabama. This is a good waiver of exemptions of personal property, but not of real estate.—*Neely v. Henry*, 63 Ala. 261. The substance of the claim, as filed and recorded in the Probate Court, states the date of the note, amount, when due, names of the payees, and date of filing. It contains no mention of the waiver of exemptions. In *Smith v. Fellows*, 58 Ala. 467, we stated some of the reasons which go to make up the policy of our legislation requiring claims

against decedents' estates to be presented or filed within eighteen months. There may be other reasons. Personal representatives, among their first duties, are required to set apart exemptions of personal property, if there be a surviving widow, or minor child or children; and it may be that, to constitute a statement of the claim that will cut off exemptions, the waiver should be set forth, if there be one. But we need not decide this question. The judgment-entry is a simple judgment for money, and is silent as to the stipulation waiving exemptions. This amounts to an abandonment of the waiver, and a consent to accept a common judgment for money.—*Courie v. Goodwin,* 89 Ala. 569; *Brown v. Leitch,* 60 Ala. 313; *Hosea v. Talbert,* 65 Ala. 173.

Some of the questions sought to be raised are scarcely presented in such form as that we can consider them. Eliminating them, we find no error in the record.

Affirmed.