# Kornegay *et al. v.* Mayer, Admr.

## *Petition for the Sale of Land to pay Debts of Intestate's Estate.*

1. *Petition for sale of lands of decedent's estate; must describe lands with certainty.*—In order for a petition filed by an administrator for the sale of lands to pay the debts of his intestate's estate to confer jurisdiction upon the court, it is necessary that said lands should be described with certainty and definiteness; and if in such petition the lands are not described with sufficient certainty and definiteness, a decree of sale of the lands described in the petition is void by reason of such uncertainty.

2. *Same; presentation of claim; docket best evidence.*—In a proceeding for the sale of land for the payment of the debts owing by an intestate's estate, where the contestants set up the bar of the statute of non-claim, and the petitioner contends that said claims were filed in the office of the judge of probate within the time prescribed by the stat-

[Kornegay *et al.* v. Mayer, Admr.]

ute, the entry in the docket required by statute to be kept by the probate judge, is the best evidence; and in the absence of explanation for failure to introduce such docket entry, the testimony of the probate judge that the claims involved in the proceedings were presented in his office, is. inadmissible in evidence.

3. *Evidence; incompetency of witness to testify what shown by books.*—In a proceeding for the sale of the lands of a decedent's estate to pay the debts owing by said estate, one who was a clerk for the alleged creditor of said estate, but did not keep the books of said creditor, is incompetent to testify what amount was shown by said creditor's books against the decedent.

4. *Proceedings for sale of lands of decedent's estate; admissions of heirs inadmissible.*—On an application by an administrator for the sale of his intestate's lands for the payment of debts due by said estate, the heirs of the decedent are not his representatives in such sense as to make their admissions evidence of his indebtedness; and testimony concerning admissions of any of the heirs of said decedent are inadmissible in evidence.

5. *Same; admissibility of evidence.*—In such a proceeding, the application for letters of administration upon the estate of one of the heirs of said decedent is not admissible as evidence against the remaining heirs of the ancestor for the purpose of fixing their status as such heirs or for any other purpose.

6. *Proceeding for sale of lands of decedent's estate; rendition of said decree.*—In a proceeding for the sale of lands belonging to a decedent's estate to pay the debts of said estate, where no decree is rendered at the term at which the cause was tried, the court acts within its power and duty by rendering a decree at the next term.

APPEAL from the Probate Court of Marengo.

Heard before the Hon. S. P. PROWELL.

The proceedings in this case were had upon a petition filed by the appellee, Morris Mayer, as the administrator of the estate of Allen Kornegay, deceased, asking for the sale of the lands of the estate of his intestate for the payment of the debts of said estate, averring in said petition that the personal property belonging to said estate was insufficient to pay said debts. The description of the lands in the petition and in the decree rendered is sufficiently

shown in the opinion. The appellants, who were the heirs
at law of Allen Kornegay, deceased, were made respond-
ents, and contested the petition.

The respondents filed their answer in writing, deny-
ing the allegations of the petition, and also averred
therein that the claims of Mayer Bros. and John C.
Webb, which were among the debts claimed to be owing
by the said estate, were barred by the statute of non-
claims, in that said claims were not filed against said
estate within eighteen months from the issuance of let-
ters of administration thereon.

The petioner introduced the deposition of several wit-
neseses to prove the averments of the petition. Among
these depositions was that of Isadore Bley, who testi-
fied that he was a bookkeeper of Mayer Bros., and that
at the time of the death of Allen Kornegay he was in-
debted to Mayer Bros. in the amount of the claim which
had been presented to the petitioner, and that prior to
the death of Allen Kornegay he had admitted being in-
debted to Mayer Bros. in said amount. The respondents
objected to this testimony of Isadore Bley upon the
ground that it was incompetent, irrelevant and inad-
missible, and duly excepted to the court overruling their
objection.

Among the depositions introduced was that of T. F.
Howze, who testified that he had formerly clerked for
Mayer Bros., and that he knew that Allen Kornegay was
at the time of his death indebted to Mayer Bros.; that
he knew this by reason of the fact of having sold goods
for Mayer Bros.; that he was not the bookkeeper of
Mayer Bros., but was a clerk, and that said Allen Kor-
negay had talked with him of his indebtedness to Mayer
Bros. Respondents objected to this testimony upon the
grounds that it was incompetent, irrelevant and inad-
missible. The court overruled the objection, and the
respondents duly excepted .

There was evidence introduced on the part of the pe-
titioners tending to show that the heirs of Allen Korne-
gay, deceased, had admitted an indebtedness of the es-
tate to Mayer Bros. and John C. Webb.

The respondents objected to this evidence upon the
ground that it was incompetent, irrelevant and immate-

rial, and duly excepted to the court's overruling their objection.

There was other evidence introduced on the part of the petitioner showing that at the time of the death of Allen Kornegay he was not indebted to John C. Webb and specifying the amount of his indebtedness.

The petitioners introduced as a witness one Woolf, who was the former probate judge of Marengo county, and who was judge of probate at the time of the issuance of the letters of aministration upon the estate of Allen Kornegay. Said Woolf testified that the claims of Mayer Bros. and John C. Webb against the estate of Allen Kornegay were filed in the office of the judge of probate within eighteen months from the time of the issuance of letters of administration upon his estate. The respondents objected to the introduction in evidence of this testimony upon the ground that the docket required by law to be kept by the probate judge was the best evidence of the presentation of said claims against the estate of said deceased, and, further, upon the ground that the testimony of said Woolf was incompetent, illegal and inadmissible. The court overruled said objections, and to this ruling the respondents duly excepted.

One I. I. Canterbury was introduced as a witness for the petitioner, and he testified, against the objection and exception of the respondents, to the filing in the probate office of Marengo county of the claims of Mayer Bros. and John C. Webb against the estate of Allen Kornegay, deceased.

The petitioners offered in evidence that part of the "Miscellaneous Record" in the office of the judge of probate of Marengo county, showing the petition of J. M. Miller for letters of administration on the estate of Fred Kornegay, deceased, who was one of the heirs at law of said Allen Kornegay, deceased. The contestants objected to the introduction of this petition in evidence upon the ground that it was immaterial and irrelevant. The court overruled the objection, and the contestants duly excepted.

Upon the hearing of all the evidence, the court decreed a sale of the lands in accordance with the prayer of the petition. To the rendition of this decree the contestants duly excepted. The contestants appeal, and assign the rendition of said decree as error.

J. M. MILLER, for appellant, cited *Quarles v. Campbell*, 72 Ala. 64; *Meadows v. Meadows*, 78 Ala. 240; *Ford v. Gardner*, 49 Ala. 601; *Ware v. Manning*, 86 Ala. 238; *Wharton v. Cunningham*, 46 Ala. 590; *Banks v. Chaffin*, 119 Ala. 246; *Askew v. Sanders*, 84 Ala. 357; *Miller v. Mayer*, 124 Ala. 434; Code, § 186.

TAYLOR & ELMORE, *contra.*

SHARPE, J.—One of the important requirements of the statute authorizing the probate court to decree a sale of lands of a decedent's estate to pay debts is that the petition "must describe the lands accurately." Code, § 158. Jurisdiction in such a proceeding is founded on the petition and does not attach to lands not described with sufficient certainty.—*Gilchrist v. Shackelford*, 72 Ala. 7; *Smitha v. Flournoy's Admr.*, 47 Ala. 345; *DeBardeluben v. Stoudenmire*, 48 Ala. 643. In this petition the lands are described as "50 acres on the east side of the W. ½ of the S. E. ¼ of Section 15 and fractional N. W. end of N. E. ¼ of Section 22 all in Township 18 Range 3 east, containing 75 acres and situated in the counties of Hale and Marengo, Alabama." The decree follows this description except it locates the lands wholly in the county of Marengo. From this it is seen that about one-third of the land of which a sale is sought, viz., that part in section 22, is left without any description by which its precise location in that section can be fixed. The attempted description of that part of the land is not only inaccurate but is void for uncertainty, and this in itself renders the decree erroneous in so far as it directs the sale of the land in section 22.

Whether the discrepancy in the description as to counties between the petition and the decree is material we do not decide, since to do so would require a somewhat

doubtful application of judicial knowledge of county boundaries, and the question can be obviated on another trial.

The existence of a necessity for subjecting lands to debts is of the essence of the application, the burden of proving which is on the administrator. Any fact which will show the non-existence or extinguishment of debts is available to the heirs as a defense.—*Warren v. Hearne*, 82 Ala. 554; *Trimble v. Fariss*, 78 Ala. 260; *Steele v. Steele's Admr.*, 64 Ala. 438. The heirs by setting up the statute of non-claim do not assume the burden of proving that defense, but the administrator is regarded as holding the affirmative of the issue and to maintain it, is bound to prove due filing or presentment of the claims. The rule is not different from that which obtains where creditors seek in their own right to reach lands of a decedent, as to which see *May v. Parham*, 68 Ala. 253; *Mitchell v. Lea*, 57 Ala. 46; *Evans v. Norris*, 1 Ala. 511. A presentation to save a claim from the bar of the statute of non-claim must be such as to give information of the character of the claim and of the amount of liability it imports, and this requirement must be met not only where the presentation is to the administrator personally, but also where it is made by filing the claim or a statement thereof in the office of the judge of probate.—*Smith v. Fellows*, 58 Ala. 467; *Bibb v. Mitchell, Admr., Ib.* 657; *Halfman's Extx. v. Ellison*, 51 Ala. 543; *Floyd v. Clayton*, 67 Ala. 265. When the latter mode is pursued the statute provides, the claim or statement "must be docketed, with a note of the time of such presentation."—Code, § 133. The docket entry when made is evidence of the filing, and when sufficiently full it suffices to give the required information as to the character of the claim.—*Agnew v. Walden*, 84 Ala. 502, s. c. 95 Ala. 108. But an omission of the probate judge to make the proper entry does not render the filing abortive or preclude the making of proof of actual filing. *Floyd v. Clayton, supra.* Other than by the docket entry the statute prescribes no way to evidence the filing, but the entry furnishes evidence in a form which is permanent and attended with at least a *prima facie* pre-

[Kornegay *et al.* v. Mayer, Admr.]

sumption of correctness. Therefore, the docket entry must be regarded as the best evidence of the act of filing if not of the character of the claim. It is presumed the probate judge did his duty in respect of docketing claims filed against this estate; and the substitution of oral testimony for the docket entry as evidence of such filings, without accounting for the non-production of the entry, was in violation of the rule which requires the best evidence of which the case is susceptible. But apart from its secondary character, that testimony was wholly insufficient to avoid the statute of non-claims, in that it failed to furnish any description by amount or otherwise than by the names of the claimants, of the claims said to have been filed; and, therefore, failed to identify those claims with the amounts of Mayer Bros. and J. C. Webb, respectively, which constituted the only indebtedness of which evidence was taken.

The testimony of Howze as to what account against the decedent was shown by Mayer's books should have been excluded.—*Miller v. Mayer*, 124 Ala. 434.

The heirs of the decedent are not in this proceeding his representatives in such sense as to make their admissions evidence of his indebtedness. The testimony concerning admissions of some of them on that subject should have been excluded.

Miller's application for letters of administration on Fred Kornegay's estate is not evidence against the heirs of this estate to fix their status as such heirs or for any purpose, and should not have been admitted.

Much testimony was made the subject of exceptions reserved by appellants, which, if objectionable on any ground, is not shown by the record to have been open to the particular objections made. It seems unimportant to pass specifically on the assignments of error based on those exceptions.

No decree having been rendered at the term at which the cause was tried, the court in decreeing at the next term acted within its power and duty—a duty so plain that its performance might have been compelled by *mandamus.*—*Pinney v. Williams*, 69 Ala. 311.

For the errors indicated the decree will be reversed and the cause remanded.

Reversed and remanded.