[Little, *et al.* v. Marx.]

# Little, *et al. v.* Marx.

## *Application for Sale of Lands to Pay Debts.*

(Decided Nov. 15, 1905, 39 So. Rep. 517.)

1. *Executors and Administrators; Sale of Lands to Pay Debts; Sufficiency of Description.*—An application by the administrator to sell lands of the estate to pay debts, which describes the lands by metes and bounds, and seeks to sell the land described, "except 150 acres thereof deeded by A. to B." on certain date, but does not describe or identify the excepted land further, is insufficient under § 158, Code 1896.

2. *Pleading; Demurrer; Specification of Grounds.*—When a petition is good as against grounds of demurrer assigned, although subject to demurrer on other grounds, it is not error to overrule the grounds assigned.

3. *Pleadings; Application to sell Lands; Answer.*—In a proceeding to sell land for payment of debts by the administrator, the pleadings are not formal, and an answer is sufficient which sets up that there are no such debts due as those to pay which a sale is sought.

4. *Appeal; Harmless Error.*—It is error without injury to strike special pleas, where the matter pleaded may be shown under the general issue.

5. *Executors and Administrators; Sale of Lands to Pay Debt; What Debt Within.*—Debts due the personal representative accruing prior to grant of letters of administration, not filed in the probate office, duly verified by affidavit, within 12 months of the grant of letters, are not such debts as will support an application by the administrator for the sale of land to pay debts.

6. *Same; Insufficiency of Personal Property; Proof.*—The insufficiency of the personal property of an estate to pay the debts must be shown by the depositions of disinterested persons, filed and recorded, before an order made for the sale of lands for the payment of debts of the estate can be properly entered.

7. *Witnesses; Competency; Transactions with Decedents.*—One not a party to a proceeding to sell land to pay decedent's debts, and not interested in the claim, to pay which the sale is sought, is not an incompetent witness, under § 1794, Code of 1896.

Appeal from Marengo Probate Court.

Heard before Hon. A. L. Hasty.

[Little, *et al.* v. Marx.]

Proceedings by J. Marx as administrator of the estate of Aaron Little for the sale of lands to pay the debts of the estate. The heirs were made parties and contested the petition, alleging among other things that the petition did not properly or sufficiently describe the land sought to be sold and that the estate did not owe any debts, or that if it did, personal property was sufficient to pay them. The other facts appear in the opinion of the court.

CANTERBURY & GILDER, for appellant.—The land is not so described in the petition as to be intelligible.—*Koregay, et al. v. Mayer,* 135 Ala. 145. The statute of non claims as to the debt of Marx & Co., is applicable in this case. The administrator is a member of the firm of Marx & Co., and the claim was not duly verified and filed in the office of the judge of probate as required by section 129 of the Code of 1896 within twelve months of the grant of letters of administration, and this may be taken advantage of to show the non existence or extinguishment of debts by the heirs as a defense to the petition.—*Warren v. Hearn,* 82 Ala. 554; *Trimble v. Farriss,* 78 Ala. 260. The administrator being interested in the claim, must comply strictly with section 129 of the Code of 1896, and the burden is on him to show compliance therewith.—*May v. Parham,* 68 Ala. 253; *Kornegay v. Mayer, supra.* The burden of proof is on the administrator to show a valid, legal, subsisting indebtedness, and the insufficiency of the personal property to meet the same. Section 164, Code 1896; *Alford v. Alford,* 96 Ala. 385; *Miller v. Mayer,* 124 Ala. 434. Aside from the fact that the administrator has failed to do this, he has not attempted to do except by one witness, and he an interested party. This is not as is required by the statute.—Section 164, Code 1896. The court erred in not ascertianing the amount of indebtedness and the value of the personal property, and it is not in sufficient compliance with the statute, to decree that the personal property is insufficiency to pay the debts of the estate.—Section 164 and 165, Code 1896; *Quarles v. Campbell,*

72 Ala. 64; *Alford v. Alford, supra; Poole v. Daughdrill,* 129 Ala. 208.

. ABRAHAM & SIMONS, for appellee.—It was not error to overrule appellant's motion to quash depositions of Marx. The party against whom depositions are taken has no right to suggest who shall take them.—*Montgomery Stret Railway Co. v. Mason,* 133 Ala. 529; *Wisdom v. Reaves,* 110 Ala. 418; §§ 164 and 1835, Code 1896. The petition filed by the administrator was in all respects sufficient, and the demurrer thereto overruled properly.—Section 158, Code 1896; *Cotton v. Holloway,* 96 Ala. 544; *Kent v. Mansell, et al.,* 101 Ala. 334. Every defense to the petition could have been made under the general issue, and the court did not err in striking the pleas. Even the statute of limitation was available under it.—*Gayle v. Johnson,* 72 Ala. 264; *Beall v. Folmar,* 122 Ala. 414; *Wisdom v. Reaves,* 110 Ala. 418. The statute of non claim was not available to the heirs, as the claim was duly filed.—Section 2817, Code 1896; *Nicholas v. Sands,* 136 Ala. 267; *Christopher v. Stewart,* 133 Ala. 348.

The court is not manifestly wrong on its conclusions of facts. There was evidence tending to support the petition.—*Harwood v. Harper,* 54 Ala. 659; *Boyle v. Boyle,* 23 Ala. 544; *First National Bank v. Chaffin,* 118 Ala. 246. Depositions of one disinterested witness is sufficient to uphold the decree of the court in this case.— *Thompson v. Boswell,* 97 Ala. 570; *Garner v. Toney,* 107 Ala. 352.

ANDERSON, J.—Section 158 of the Code of 1896 provides that the application for the sale of lands, among other things, must describe the land accurately. The application in the case at bar describes certain lands bv metes and bounds, all of which it seeks to sell, "except 150 acres thereof deeded by Aaron Little to Ann Little on February 20, 1893," but makes no pretense of describing or identifying the land so deeded. The purpose of the statute is to require such a description of the land

in the application that a decree can be rendered thereon that will be so exact and accurate that a purchaser at a sale thereunder will know from the proceedings just what land he bought. The decree in this case describes the land as does the application. The result would be that a purchaser at a sale thereof would have to ascertain what land "Aaron" deed to "Ann," in order to know what he had bought. It might be that Ann never recorded her deed. Then he would have to locate the deed to ascertain what was sold under a judicial decree. Again, the deed may be lost, and it would therefore be a question of parol speculation as to what land was really sold.—Code 1896, § 158; *Kornegay v. Mayer*, 135 Ala. 141, 33 South. 36.

Counsel for appellants insist upon a ruling on this question in their brief, and, while we think the description insufficient, no one of the eight grounds of demurrer interposed presents the question, and we cannot, therefore, hold that the trial judge is in error, as the petition was not subject to the grounds of demurrer assigned.—*Cotton v. Holloway*, 96 Ala. 544, 12 South. 172. In a proceeding of this character the formal pleadings pertaining to courts of law and equity are not contemplated, nor are they usual or practiced. "The answer of the heir or devisee is sufficient, if in terms it denies the existence of debts, for the payment of which a sale of the land is sought."—*Gayle v. Johnston*, 72 Ala. 254. 47 Am. Rep. 405, and cases there cited. If defenses set up in special pleas are available under the general issue, if there be error in sustaining a demurrer or motion to strike, it would be error without injury.—*Beall v. Folmar*, 122 Ala. 414, 26 South. 1.

Section 129 of the Code of 1896 provides that a claim held by the personal representative or in which he is interested and which accrued prior to the grant of letters must be presented within twelve months of the grant of letters, by filing the same, verified by affidavit, in the office of the probate judge, as is provided by section 133 of the Code. "The existence of a necessity for subjecting lands to debts is the essence of the application,

the burden of proving which is on the administrator. Any facts which will show the non-existence or extinguishment of debts is available to the heirs as a defense."—*Kornegay v. Mayer,* 135 Ala. 141, 33 South. 36; *Warren v. Hearne,* 82 Ala. 554, 2 South. 491; *Trimble v. Fariss,* 78 Ala. 269; *Steele v. Steele,* 64 Ala. 438, 38 Am. Rep. 15. The court, therefore, erred in granting the relief in so much that the administrator did not establish a compliance with the foregoing statutes as to presenting and filing the claims.

Section 164 of the Code of 1896 provides that "* * * the applicant must show to the court that the personal property of the estate is insufficient for the payment of debts; and such proof must be made by the deposition of disinterested witnesses and filed and recorded." This court, in construing this statute, has held that depositions "must not necessarily be used to prove debts."—*Poole v. Daughdrill,* 129 Ala. 208, 30 South. 579; *Alford v. Alford,* 96 Ala. 385, 11 South. 316. It has never been held, however, that the insufficiency of the personal property to pay debts can be proved except as is required by the statute. On the other hand, as stated in the *Alford Case, supra,* "the one fact required to be proved by such testimony (that is, by deposition of disinterested witnesses) is the insufficiency of the personal property of the estate for the payment of debts. The only effort to prove this fact was by the deposition of J. L. Marx alone, which was not sufficient, and the judge of the probate court erred in rendering a decree of sale on this testimony.

There are no facts disclosed by the record that would indicate that the witness J. L. Marx was incompetent under section 1794 of the Code of 1896, as he is in no way a party to the proceedings or interested in the claim of J. Marx & Co.

The judgment of the probate court is reversed, and the cause remanded.

Reversed and remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.