[Stewart v. Lasseter & Co.]

# Stewart *v.* Lasseter & Co.

### *Assumpsit.*

(Decided June 19, 1912. 59ʹ South. 233.)

1. *Executors and Administrators; Claims; Non Claims; Burden of Proof.*—Where an administrator filed a plea of non-claim, and plaintiff took issue thereon, the burden was on the plaintiff suing on a claim against an administrator, to show when letters of administration were granted, and that the claim was presented within twelve months from that time, and mere proof of the time of the filing of the claim does not meet the plea. (Section 2590, Code 1907.)

2. *Account; Stated; Mode.*—Where the account was a running account and was several times presented to the creditor, and never denied or disputed by the debtor, it became a stated account.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Action by L. Lasseter, doing business as the L. Lasseter & Co., against W. B. Stewart, administrator of Mary Streeter, deceased. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The defendant pleaded in short, by consent, the general issue, the statute of limitation for three years, statute of limitations for six years, and the statute of nonclaim and also filed an affidavit, denying the correctness of the verified account. The proof showed a verified account, which was filed in the office of the judge of probate of Barbour county and docketed on claim docket No. 1, p. 64, on September 17, 1910. The account appears to be a running account from 1903, with the last cash payment made on February 9, 1906; but it is not shown when the letters of administration were issued. It was further shown that the account, in its present state, had been several times presented to the defendant's intestate before her death, and that it had never been denied or disputed.

THOMAS & MCDOWELL, for appellant. If the account was on open account it was barred by the statute of limitation of three years at the time the suit was brought.— Sec. 4838, Code. 1907. Under the evidence it was an open account. The plaintiff did not show the time of the grant of letters of administration, and that the claims were filed within twelve months therefrom.— Secs. 2590 and 359, Code 1907. It was withdrawn, and therefore abandoned.—*Floyd v. Clayton,* 69 Ala. 270.

G. L. COMER, for appellee. The account was a stated account, as a correct balance had been ascertained and agreed on by the parties.—*Langdon v. Loomis,* 6 Ala. 518; *Ware v. Dudley,* 16 Ala. 742; *Wilson v. Calvert,* 18 Ala. 274; *Ware v. Manning,* 86 Ala. 238. There was sufficient proof of the filing of the claim within the time required by section 2590, Code 1907. The filing of the suit was a sufficient presentation of the claim.—*Malone v. Hundley,* 52 Ala. 147; *Floyd v. Clayton,* 67 Ala. 265; *Stakley v. Foreign Mission Board,* 145 Ala. 379.

DE GRAFFENRIED, J.—1. It the case of *Evans, Adm'r. v. Norris Stodder & Co.,* 1 Ala. 511, the Supreme Court, through Ormond, J., said: "The plea of the statute of nonclaim casts on the plaintiff the necessity of entitling himself to his action, by proving a demand of the representative of the deceased, within 18 months after the granting letters testamentary or letters of administration. To hold otherwise would be to require what in most cases would be impossible for the defendant to prove—that the claim was not presented within the time required by law."

In the case of *Mitchell et al., Adm'rs v. Lea, Adm'r,* 57 Ala. 46, the Supreme Court through Brickell, C. J., says: "The denial of the failure to make presentment (that is, the taking of issue by a plaintiff upon a de-

[Stewart v: Lasseter & Co.]

fendant's plea setting up the statute of nonclaim) involves the affirmation of presentment; and the plaintiff stands in the position of a party asserting an affirmative fact he is bound to prove. The affirmative fact can only be proved by evidence of the *time of the grant of letters of administration* and a presentment within *18 months thereafter.*"

The two cases above referred to were cited by the Supreme Court with approval in the case of *Kornegay v. Mayer, Adm'r,* 135 Ala. 141, 33 South. 36.

· In the present case the appellant filed a plea of the statute of nonclaim. The appellees took issue upon that plea. The burden was therefore cast upon the appellees, plaintiffs in the court below, under the express language of the Supreme Court in the above case of *Mitchell v. Lea,* of proving the *time* of the grant of letters of administration, and that the claim, the subject of the suit, was presented within 12 months (the period was formerly 18 months) thereafter. Code 1907, § 2590.

The appellees offered evidence of the time when the claim was filed in the office of the judge of probate, as provided in section 2589 of the Code of 1907; but they failed to offer any evidence tending to show *when* letters of administration were issued, and there is no evidence whatever in the bill of exceptions tending to show when such letters were issued. The appellees, therefore, failed to meet the plea of the statute of nonclaim; and the court, for this reason, committed reversible error in giving to the jury, at the written request of appellees, the affirmative charge in their behalf.

2. If the evidence in this case is to be believed, the account of the appellees was converted from an open into a stated account before the death of appellant's intestate. It seems to us that the evidence upon this subject is too plain to require discussion at our hands.

3. The evidence in the bill of exceptions presents to us for our determination only the subjects above discussed. Counsel in their briefs discuss and attempt to raise the question as to whether the withdrawal from the files in the probate office, by appellee's counsel on the day this suit was brought, of the statement of the claim which had been filed in the probate office under section 2590 of the Code, and the failure to return the claim to the files, constituted an abandonment of the claim.—*Floyd v. Clayton*, 67 Ala. 265. The bill of exceptions fails to inform us as to the time when letters of administration were granted, whether the claim was filed or the suit brought within 12 months thereafter, or whether the attorney for appellees was authorized to withdraw the claim from the files, or, if so, to retain it in his possession. This question, therefore, is not presented to us for determination.

For the error pointed out, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.