Gelstrop et al. *v.* Moore et al.

---

JAMES C. GELSTROP et al. *v.* WILLIAM H. MOORE et al., Executors, &c.

It is the settled doctrine of this court, that an order or decree for the sale of real estate by an executor or administrator is invalid, unless the directions of the statute have been strictly complied with, and such compliance must be shown affirmatively by the record. 1 S. & M. 351; Ib. 326; 6 Ib. 259, cited and confirmed.

A sale must be made by an executor or administrator according to the directions of the law, when made in pursuance of the will of the decedent.

The acts of an executor or administrator, in the execution of the order of sale in such cases, are matters *in pais;* and it would seem, that unless proof of the fact is made and entered of record, a statement that the sale was regularly made, will not be more than *primâ facie* evidence of its legality.

It is settled, that a sale of personal property will not be invalid if the order of confirmation should not show that the requisite notice had been given, or that the sale was made in the manner prescribed by law. *Worton* v. *Howard,* 2 S. & M. 527; *Smith* v. *Denson,* Ib. 326, cited and confirmed.

In the sale of personal property, where the record is silent as to the notice or manner of sale, it is competent to introduce parol testimony to prove the manner of sale.

IN error from the circuit court of Itawamba county; Hon. Hugh R. Miller, judge.

Gelstrop et al. *v.* Moore et al.

This was an action instituted in the circuit court of Itawamba county, at the March term, 1852, by William Moore and Jesse McWilliams, executors of the last will and testament of John Walker, deceased, upon a note, under seal, given by James C. Gelstrop and Uriah Nanny, to the plaintiffs below, as executor of said Walker, for a negro sold by them (Moore and McWilliams), as executors, under the will of said Walker, which authorized them to sell the property of deceased. Moore and McWilliams, as executors, applied to the probate court of Itawamba county, for an order to sell the property of Walker, which order was granted by the court, but no notice, in accordance with the statute, or in any other manner, was given to the heirs and legatees of said Walker, some of whom were minors and under age at the time the order of the court was obtained, and lived in the county. The executors returned the sale bill into the probate court, which was received by the court and filed.

Gelstrop and Nanny pleaded that no title had vested in them by virtue of said sale of the slave, because the heirs of Walker (some of whom were minors) had no notice of the time of the order of the probate court giving the power to sell, and because there was no public notice posted up at three public places in the county, as required by law, before the sale could be legally made. To this the executors replied, that it was not necessary to give such notice before obtaining a valid order of sale from the probate court, and that the records of the probate court did not show that notice had not been given to the heirs. They also were permitted to prove verbal notice of the time and place of sale of the slave.

The jury found a verdict for the plaintiffs, and the defendants prayed a writ of error to this court.

*Bullard* and *Beene* for appellants.

In the sale of personal property by an executor or administrator, the records of the probate court must show affirmatively that notice of the time and place of sale was in accordance with the statutory provisions, and parol testimony is insufficient to prove either the time or place of sale. 1 S. & M. 351; 2 Ib. 326; Ib. 527; 6 Ib. 259; 1 S. & M. Ch. 561.

The sale in this case was void, as appears from the record, it not having been made according to law. A void sale passes no title. 2 How. 822.

The judgment is erroneous, because the judgment exceeds the amount of the note and the interest due thereon at the time of rendition, to the amount of $78.36. For this error, if not for the others pointed out, the judgment should be reversed.

*Robins* and *Owen*, for appellee, filed no brief.

Mr. Chief-Justice SMITH delivered the opinion of the court.

This was a suit brought in the circuit court of Itawamba, to recover the contents of a bill single, made to secure the purchase-money of certain slaves sold by the defendants in error, in their character of executors. A verdict and judgment were rendered for the plaintiffs. The cause hence comes into this court.

The facts of the case are contained in a bill of exceptions, from which it appears, that the testator of the plaintiffs, after making, by his will, specific disposition of certain portions of his estate, directed that his crop of cotton, all of his negroes not previously disposed of, together with the residue of his estate, should be sold by his executors, at public auction, to the highest bidder. Under that provision of the will, the negroes, which were the consideration of the instrument sued on, were sold to the defendants. An account of the sale was returned into the probate court, approved, and ordered to be filed and recorded. The order of the probate court is entered in the following words, to wit, " This day, W. H. Moore, one of the executors of the last will of John Walker, deceased, presented in open court the sale bill, which is examined, allowed, and ordered to be filed and recorded." It was admitted the record of the court of probates contains no evidence that notice was given, according to law, of the time and place of sale. It was further admitted on the trial, that due proof was made of notice, if parol evidence was admissible to prove it.

As the entry above quoted was the only part of the record, in regard to the sale, offered in evidence, no question can be

Gelstrop et al. *v.* Moore et al.

raised as to the fact, whether an order for the sale of the property had been made.    We must presume that the proper order was made, in the absence of evidence to the contrary.    For he who attacks the title of his adversary, on the ground of its illegality, must show wherein the illegality consists.    The questions then submitted to us are, whether the record must show affirmatively that notice was given, as required by statute, and if not, whether the fact of legal notice, the record being silent on the subject, can be proved by parol evidence.    For if it is not necessary that the record should show affirmatively that due notice was given, and that the notice required by statute could be proved by the introduction of parol evidence upon the agreed facts, there is no pretence for saying, that the consideration of the instrument sued on had failed.

It is essential to the validity of a sale of either real or personal property, by an executor or administrator, that it should be made pursuant to a valid order or decree of the court of probates, unless where by statute it is otherwise provided or directed in the will of the testator.    Hutch. Code, 659, § 109. And it is the settled doctrine of this court, that an order or·decree for the sale of real estate by an executor or administrator is invalid, unless the directions of the statute have been strictly complied with, and that such compliance must be shown affirmatively by the record.    1 S. & M. 351; Ib. 326, 527; 6 Ib. 259.    The same rule is perhaps not generally applicable to orders for the sale of the personal estate; but the question does not arise in the case before us, as it is presumed there was an order for the sale of the personal property not disposed of by the will, regularly made.    The sale itself, however, must be made according to the directions of the law, otherwise it will be invalid.    But as the acts of the executor or administrator, in the execution of the order of sale, are matters *in pais*, it would seem, that unless proof of the fact is made and entered of record, a statement that the sale was regularly made will not be more than *primâ facie* evidence of its legality.    On the other hand, it is settled, that a sale will not be invalid if the order of confirmation should not show that the requisite notice had been given, or that the sale was made in the manner pre-

18*

scribed by law.. *Worten* v. *Howard*, 2 S. & M. 527; *Smith* v. *Denson*, Ib. 326.

If, where the record is silent as to the notice or manner of the sale, it is competent to introduce parol evidence to prove that the sale was made contrary to law, it would follow, necessarily, that in such a case it is proper to allow parol evidence to be introduced to prove its regularity. The case of *Worten* v. *Howard*, above cited, is an authority on this point. In that case, which was an action of detinue for a slave, by a party claiming as legatee under the will, the defendant, who claimed title by virtue of a sale made by the executor, was permitted to read the return of sales. The return did not show upon its face that the sale was made according to the statute. The plaintiff then offered parol evidence to prove that the sale was a private one. That evidence was rejected, and its rejection was held error by this court.

Hence, in this case, although it was unnecessary to introduce parol evidence to prove that due notice was given of the time and place of sale, its introduction was not an error of which the party could complain.

But there is an error for which the judgment must be reversed, the cause remanded, and a new trial awarded in the circuit court. The jury erred in the calculation of the interest due upon the bill single. They have allowed interest by way of damages to the amount of $143.66, whereas plaintiffs were entitled to but $65.30, as it is shown by a calculation made under a rule of court.