[Cotton v. Holloway.]

# Cotton *v.* Holloway.

*Petition by Administrator for Sale of Lands to Pay Debts.*

1. *Petition for sale of land to pay decedent's debts; averment of juris-dictional facts.*—A petition by an administrator for an order to sell lands for the payment of debts (Code, §§ 2104, 2106), which alleges that "the personal property of the estate is insufficient to pay the debts of said estate," and . . . "that it is necessary to sell said real estate of said decedent to pay the debts of said estate," is suffi-cient to give the court jurisdiction; it being unnecessary to allege the amount of the debts or the value of the personal property. (Overruling *Abernathy v. O'Reilly*, 90 Ala. 495, and modifying *Quarles v. Campbell*, 72 Ala 64).

APPEAL from the Probate Court of Pike.

Heard before the Hon. W. J. HILLIARD.

On November 14, 1891, W. H. Holloway and others, as heirs at law of George F. Holloway, deceased, filed their pe-tition in the Probate Court of Pike county, to vacate and set aside the decree of that court rendered on the 14th day of July, 1884, for the sale of certain real estate belonging to the estate of said decedent. The ground of this petition was that the petition of the administrator, upon which said order of sale was made, did not allege the necessary facts to give the Probate Court jurisdiction of the matter Due no-tice of said application was given to the appellant, S. R. Cotton, as the administrator of the estate of said George F. Holloway, deceased, and he contested the same. The opinion sufficiently states the allegations of the petition of the administrator for the sale of lands of the decedent. The Probate Court found that said petition failed: First, to aver the existence of valid debts due or owing by said estate: second, to aver the certain or estimated amount of the debts; and, third, to aver the certain or estimated value of the personal property belonging to said estate. And the court held that these were necessary jurisdictional aver-ments, and decreed that said order of sale be vacated and set aside. The appeal is from this order or decree.

GARDNER & WILEY, and E. P. MORRISSETT, for appellant.—The petition to set aside the decree of sale was filed upon the authority of *Abernatky v. O'Reilly*, 90 Ala. 495. It is respectfully submitted that that case overturns a long line
Vol. 96.

[Cotton v. Holloway.]

of precedents in practice, as well as adjudications of this court. As to what the practice in such cases has heretofore been, the court is cited to the fact that the petition now under consideration, as well as the petition passed in *Abernathy v. O'Reilly*, followed the form as prescribed by Hitchcock in his book of forms, published in 1857. This form has been in general use throughout the State. The authorities cited in *Abernathy v. O'Reilly*, do not sustain the ruling in that case. The cases there cited decide that the petition must contain the statutory allegations. This is not denied. None of the authorities there cited decide that, in a case where the attack is made collaterally, a petition which alleges that the personal property is insufficient to pay the debts of the estate, and that it is necessary to sell the real estate for the purpose of paying the debts of said estate, is not a substantial compliance with what the statute requires to be alleged. The ruling in *Quarles v. Campbell*, 72 Ala. 64, was upon a demurrer to a petition. The rules for determining the sufficiency of pleadings when directly assailed by demurrer are very different from the rules which govern when the attack is collateral.—*King v. Kent*, 29 Ala. 542. In *Duval's Heirs v. McLoskey*, 1 Ala. 708, the sale was upheld on collateral attack, where the record only disclosed that a petition was filed praying an order for the sale of lands described therein, on the ground that the personal estate and the land sold under a previous order were not sufficient to pay the debts of the intestate. In that case it was held that the recital in the record showed that a petition had been filed which disclosed the statutory ground on which the sale was sought. This case was reaffirmed in *Field's Heirs v. Goldsby*, 28 Ala. 224. Coming down to a later day, we find that the court, in *Lyons v. Hamner*, 84 Ala. 197, referring to the case of *Duval's Heirs v. McLoskey, supra*, declared that the petition in that case "averred the jurisdictional grounds of sale." See also *Satcher v. Satcher*, 41 Ala. 26. The previous decisions had established a rule of property before the case of *Abernathy v. O'Reilly* was decided. Under the doctrine of *stare decisis*, that rule of property should not be disturbed.

P. O. HARPER, and D. A. BAKER, *contra*, cited *Abernathy v. O'Reilly*, 90 Ala. 495; *Quarles v. Campbell*, 72 Ala. 64; *Meadows v. Meadows*, 73 Ala. 356; *Robertson v. Bradford*, 70 Ala. 385; s. c., 73 Ala. 116; *Tyson v. Brown*, 64 Ala. 144; *Landford v. Dunklin*, 71 Ala. 594; *Wilburn v. McCalley*, 63 Ala. 436; *McCorkle v. Rea*, 75 Ala. 213; *Whitman v. Reese*, 59 Ala. 532; *Ballard v. Johns*, 80 Ala. 32; *Morgan v. Farned*,

83 Ala. 367; *Owens v. Childs*, 58 Ala. 113; *Garrett v. Garrett*, 64 Ala. 263.

THORINGTON, J.—Upon the death of the ancestor, intestate, his real property vests *eo instanti* in his heirs, subject to the payment of debts, and to the statutory powers conferred upon the administrator of his estate. The power to sell the real property of a deceased person for the payment of the debts of the estate is conferred by the statute exclusively upon the administrator, or the executor when no power of sale is contained in the will, and is made to depend on the insufficiency of the personal property for that purpose, and upon the obtaining of an order of sale by proceedings in the Probate Court pursuant to the statute. That court, as to the probate of wills and the grant of letters testamentary and of administration, "derives its jurisdiction from the Constitution, and is regarded as a court of general, rather than of limited, or inferior, jurisdiction; in such proceedings nothing is intended to be without its jurisdiction except that which so appears specifically." But a proceeding by the personal representative for the sale of the real estate, though made in the general course of administration, is a distinct and independent proceeding, in the nature of an action or suit, of which the petition is the commencement and the order of sale is the judgment or decree. This jurisdiction, as has been declared, is derived from the statute. It is special and limited, and only attaches when a petition is filed containing the necessary allegations; but, when the jurisdiction has attached by the filing of a proper petition, any subsequent errors or irregularities in the proceedings, however numerous, are unavailing on a collateral attack, with the single exception prescribed by the statute, that, when minors or persons of unsound mind are interested in the estate, the sale shall be void unless proof is taken by deposition, as in chancery cases, showing a necessity for the sale.—Code, 1886, § 2114; *Robertson v. Bradford*, 70 Ala. 385.

From an examination of the statutes of various States, pertaining to this subject, it appears that while all indicate a clear policy to hedge about this power with careful restrictions and limitations, by making the exercise thereof to depend on specifically declared conditions and conformity to prescribed modes of procedure, there has been much greater particularity in this respect in the legislation of some of the States than in others. It will be, furthermore, observed that different rules for the interpretation of such statutes have been adopted by the courts of last resort in the several

[Cotton v. Holloway.]

States; some of these adjudications holding to the necessity of a very strict compliance with the terms of the statute, in order to impart validity to the proceedings, and others yielding validity to them where it appears there has been a substantial compliance with the statute, according to a "fair and liberal construction." Of the first class are the following: *Fell v. Young*, 63 Ill. 106; *Gelstrop v. Moore*, 26 Miss. 206. And of the second class are the following: *Wright & Jones v. Edwards*, 10 Ore. 298; *Stuart v. Allen*, 16 Cal. 474; *Stivers' Appeal*, 56 Penn. St. 9; *Read v. Howe*, 39 Iowa, 553; *Montgomery v. Johnson*, 31 Ark. 74.

The statutes of this State touching this subject, from the earliest enactments, have not been so stringent in their terms as those of many other States in prescribing the mode of proceeding by which the power of sale in such cases is to be put in motion. In some jurisdictions it is required as a prerequisite to such proceedings that a full and complete inventory and appraisement of all the personal property of the estate shall have been filed or exhibited, together with a full and correct statement of all the real estate of the decedent, and a true account of all the debts that have come to the knowledge of the administrator. And in construing statutes of this character it is held that an averment in the petition of the existence of debts against the estate to a certain or ascertained amount is indispensable, that being the averment of a jurisdictional fact, and necessary to the validity of the proceedings even upon a collateral attack. *Haynes v. Meeks*, 20 Cal. 288; *Hilton's Appeal*, 9 Atl. Rep. 434.

The language of the statute in this State is as follows: "In cases of intestacy, lands may be sold by the administrator for the payment of debts when the personal estate is insufficient therefor."—Code of 1886, § 2104. The mode of proceeding for the exercise of the power of sale given by the above mentioned statute is prescribed by section 2106, *et seq.*, of the Code, the section just mentioned being as follows: "The application for the sale of lands, either for payment of debts or for division, must be made by the executor or administrator in writing, verified by affidavit, to the Probate Court having jurisdiction of the estate, must describe the land accurately, must give the names of the heirs or devisees, and their places of residence, and must also state whether any, and which, of such heirs or devisees are under the age of twenty-one years, or of unsound mind, or are married women, and such application may be contested by any party interested in the estate." This section, it will be noticed, does not *ex vi termini* require an allegation in the

petition that the personal property belonging to the decedent's estate is insufficient for the payment of debts, and in construing it this court has held that on direct attack by appeal the proceeding is *in personam*, but on collateral attack it is to be regarded as *in rem;* that many of the facts required by the statute to be averred are not jurisdictional, and that the failure to allege them in a petition is not fatal to the validity of the proceeding on a collateral attack.—*Garrett v. Bruner*, 59 Ala. 513.

Section 2111, however, requires, that on the day for hearing the application for the sale of lands the applicant must show to the court that the personal property of the estate is insufficient for the payment of debts, such proof to be made by the depositions of disinterested witnesses, to be filed and recorded. The requirement of this proof presupposes or implies appropriate averments in the petition under which it is to be admitted, and this section, taken in connection with section 2104, makes it manifest that the insufficiency of personal property for the payment of the debts of the estate is the jurisdictional fact upon the existence of which the right and power of sale, in such cases, is made to depend. In no statute of this State is there any requirement of the pre-ascertainment of the amount of debts against the estate, nor of the value of the personal property, nor do we find any stress laid on the amount of such indebtedness, except the requirement that it shall exceed the value of the personalty; which fact is to be shown by the depositions of disinterested witnesses; and it would seem, in the light of this last requirement, that very great strictness or exactness ought not to be insisted on when such proof is required to be made by those who, only in exceptional cases, can be supposed to have personal knowledge of such fact, but must rely either upon the inventory, appraisement, and file-book of the court, or on information derived from the administrator.

The jurisdictional fact which is the ground-work of the entire proceeding, and which, when made to appear to the court by an appropriate petition, is sufficient to set in operation the exercise of this special jurisdiction, is not the existence of a pre-ascertained and specified amount of indebtedness, but the fact that an indebtedness exists, for the payment of which the personal property is insufficient. In making such facts appear in the allegations of a petition, we do not hesitate to say that good pleading would suggest the propriety of averring that the estate owed debts to a certain specified amount, and that the value of the per-

[Cotton v. Holloway.]

sonal property was a specified amount, and that the personal property was insufficient to pay such debts, as was indicated by this court in the case of *Quarles v. Campbell*, 72 Ala. 64. But the strictness of the old rules of pleading have been so greatly relaxed, and the manifest leaning of our statutes against objections which can not affect the substantial justice of the case, make it a more reasonable conclusion that an averment in a petition, in such cases, in the language of the statute, that the personal estate is insufficient for the payment of the debts, presents a substantial issue, leaving it to the proof to develop the amount of existing debts and the value of the personal property of the estate. Whatever the amount of the indebtednes may be, if it exceeds the value of the personalty, it is a proper case for the exercise of the jurisdiction, under the statute; and if, as an abstract or strict question of pleading, an averment that the personal estate is insufficient for the payment of the debts would be regarded as the averment of a mere conclusion of the pleader, we think the statute renders it the statement of a fact, upon which a substantial issue may be joined.—*South & North Ala. R. Co. v. Thompson*, 62 Ala. 494. Under our statutes, "all pleadings must be as brief as is consistent with perspicuity, and the presentation of the facts or the matter to be put in issue in an intelligible form." The forms for pleadings prescribed in this State are brief and simple, and this court has frequently held that pleadings which comply even substantially with such forms are sufficient, and in the case last cited it is said: "The forms consist of general allegations of legal conclusions, rather than a statement of the particular facts which will support them."

It can not be supposed that the legislative purpose is that a greater degree of strictness shall obtain in cases of this class than in the Circuit and City Courts, when the latter are presided over by judges skilled in the law, while the former, as matter of common knowledge, are so often presided over by those untrained in the law, and the proceedings in which are so often loosely conducted. It is elementary law that where a statute creates a new offense, unknown to the common law, and describes its constituents, it is sufficient to charge the offense in the language of the statute. 1 Brick. Digest, p. 499, § 734. Also, that the indictment in such cases need not pursue the very words of the statute; it is sufficient if other words, fully descriptive of the offense, and of equivalent import to those used in the statute, are employed.—1 Brick. Dig. p. 499, § 736. To hold, therefore, that a petition containing an averment of this jurisdictional

[Cotton v. Holloway.]

fact substantially in the language of the statute, (which creates a new proceeding unknown to the common law,) is fatally defective, would be the application of a very much stricter rule of pleading to proceedings of this nature than is to be found in any of the forms or analogies obtaining in the other courts of law for cases involving rights of property or person, and we can not think such was the legislative intent.

The allegation in the petition in the case at bar is, "that the personal property of the estate is insufficient to pay the debts of said estate. . . . Petitioner further avers that it is necessary to sell said real estate of said decedent to pay the debts of said estate."

In the year 1891, appellees, as heirs at law of G. F. Holloway, deceased, petitioned the Probate Court of Pike county to set aside and vacate an order for the sale of lands belonging to the estate of said decedent, which order was made in a proceeding commenced by appellant, as administrator, by filing a petition which, among other things, contained the averments above set forth. The objections urged against the validity of the proceeding raised the question whether the averments above quoted sufficiently alleged the jurisdictional fact upon which the validity of the proceeding is made by the statute to depend.

The general rule is, where the court has jurisdiction of the parties and the subject-matter of the particular case, its judgment is not open to attack or impeachment by parties or privies in any collateral action or proceeding whatever. No errror in its proceeding which did not affect the jurisdiction will render the proceedings void, nor can such errors be considered when the judgment is brought collaterally into question.—1 Black on Judg. § 245. This rule is equally as applicable to the judgment of a court of special or limited jurisdiction as to a court of general jurisdiction; all reasonable intendments being indulged, however, in favor of the regularity and validity of the latter, while the records of the former must affirmatively show that the jurisdiction of the court attached. "Once it appears that it had jurisdiction to proceed, and did proceed, the same presumptions prevail in favor of the action and record of the inferior as of the superior court, and the verity of its record and the presumption which support it are alike indisputable in any collateral way."—1 Black on Judg. § Ex parte Davis, 95 Ala. 9. In 1 Freeman on Judgments, § 118, it is said: "There can be no doubt that the filing of a petition or complaint such as ought not to be deemed sufficient on demurrer may confer

[Cotton v. Holloway.]

jurisdiction," and this proposition finds support in the following decisions of this court.—*Robinson v. Bradford*, 70 Ala. 355; *Wright's Heirs v. Ware*, 50 Ala. 557; *King v. Kent's Heirs*, 29 Ala. 543.

Unquestionably, the allegations above quoted from the petition in this case, however imperfect or inartificial when tested by strict rules of pleading, affirmatively show that the case of which the petition seeks to have the court take jurisdiction is of that class of cases of which the court has jurisdiction by the terms of the statute.

Going back to the origin of this jurisdiction in this State, we find that the act of 1822 required in terms that the petition should contain an allegation "that the personal estate of his intestate or testator (as the case may be) is not sufficient for the payment of the just debts of such intestate or testator," and also the identical facts now required to be set forth in the petition by section 2104 of the present Code. Clay's Dig. p. 224, § 16. In the various re-enactments of this statute since the statute of 1822, there has been a substantial adherence to the language of that statute; at all events, we can not perceive that there has been such a change in the phraseology as to clearly manifest a change in the legislative intent; in fact, the only notable difference is the omission from the present statute (2106) of the requirement of the allegation as to the insufficiency of the personalty for the payment of the debts of the estate. This omission, and the enactment of section 2111 requiring proof to be made of that fact, may be suggestive of a legislative intent that the jurisdiction should depend, not upon the averment of that fact, but upon its proof.—Code of 1886, §§ 2111, 2114. We are not to be understood, however, as going to that length, our purpose being simply to show that in the successive re-enactments of the law nothing has been introduced by the legislature which warrants any addition by judicial construction to the essential averments of the petition in such cases, or which requires the application of any stricter rule of pleading than was necessary under the terms of the original statute. The form of petition shown by this record has been very generally recognized and acted on by the profession in this State, and by the probate judges, up to the time of the decision of this court in the case of *Quarles v. Campbell, supra*, and, doubtless, a large proportion of the proceedings in the Probate Courts of this State are based on petitions of this character, and the title to much valuable city and farm property held by the virtue of such proceedings. While this may not *per se* furnish a reason for establishing

a rule of decision, we do not hesitate to say that in a case where the decisions of this court have varied it is not only competent, but altogether proper, that the consequences or results of the different rules of decision should be considered, and that one adhered to which will cause less hardship and best subserve the interests of justice and right.

Looking back to the decisions of this court prior to *Quarles v. Campbell*, we find an unbroken line giving a liberal construction to proceedings under this statute when attacked collaterally. In *Duval v. McCloskey's Heirs*, 1 Ala. 708, the sale was attacked collaterally on the ground that there was not sufficient of record to show jurisdiction in the court making the sale. The petition for the sale was lost, but the decree of sale recited the fact that a petition had been filed, and that it showed the personal property was insufficient to pay the debts of the estate, and the decree was sustained in this court. This case was afterwards re-affirmed in *Field's Heirs v. Goldsby*, 28 Ala. 224, and has frequently been cited with approval in later decisions of this court. In *Saltonstall v. Riley*, 28 Ala. 164, the petition for the sale of the decedent's lands contains almost the identical language employed in the petition we are now considering, and this court, on collateral attack, held it to be sufficient, and sustained the decree of sale. In *King v. Kent's Heirs*, 29 Ala. 542, it is said: "In determining upon the validity of proceedings in the Orphans' Court, when collaterally assailed, it is only necessary to inquire whether the court had jurisdiction of the subject-matter; for the proceeding is *in rem*, and no mere irregularities can render it void." And in the same case it is further said: "When the petition is directly assailed, the question is one of pleading, and the intendments are made against the pleader; but a different rule prevails when the proceedings have gone into a decree, under which rights of property have attached. Then every reasonable intendment in the construction of the language of the petition must be in favor of the validity of the paper. Under a different rule, designing persons might withhold objections for amendable defects until after the proceedings had terminated, and rights had attached, and then vitiate the whole proceeding; thus converting a court of justice into a snare." And again : "While the principle that the jurisdiction of courts of limited authority must be shown by the record is too deeply rooted in our law for us to supply by intendment the omissions of the jurisdictional facts from the record, authority, public policy, and justice alike require that, in determining whether the record does disclose the jurisdictional facts, we should con-

[Cotton v. Holloway.]

strue the language of the record most favorably for the main-
tenance of the decree, and, where words are susceptible of
two or more constructions, adopt that which will sustain
the decree."

To the same effect are other decisions of this court, and
the decisions of other courts in like cases.— *Wyman v. Camp-
bell,* 6 Porter, 242; *Satcher v. Satcher,* 41 Ala. 40; *DeBarde-
laben v. Stoudenmire,* 48 Ala. 643; *Wright's Heirs v. Ware,*
50 Ala. 557; *Robinson v. Bradford,* 70 Ala. 355; *Lyons v.
Hammer,* 84 Ala. 197, re-affirming *Duval v. McCloskey's Heirs,*
1 Ala. 708; *Stuart v. Allen,* 16 Cal. 474; *Iverson v. Loberg,*
26 Ill., 179; *Tutt v. Boy,* 51 Mo. 425; *Bree v. Bree,* 51 Ill.,
367. In *Stuart v. Allen, supra,* it is said, "We can make no
nice criticism of the mere form of a statement in cases like
this, and hold its proceedings void." In *Iverson v. Loberg,
supra,* it is said: "We are obliged to affirm this judgment,
much against our inclination. This sale was no doubt a
great outrage, and we should, as at present advised, not hes-
itate to reverse the proceeding, were it directly before us.
But here it comes up collaterally, and we can not disregard
that proceeding unless it was void for the want of jurisdic-
tion. We can not hold that such was the case. The peti-
tion stated enough to require the court to act in the premises,
to set it in motion, and that was sufficient to give it juris-
diction." And in *DeBardelaben v. Stoudenmire, supra,* it is
said: "Although it is not directly so stated in the petition,
yet what is said, reasonably interpreted, leads to that con-
clusion; . . . any words that necessarily convey to the
mind all that the statute requires are sufficient." In *Mead-
ows v. Meadows,* 73 Ala. 356, the sufficiency of a petition for
the sale of lands in a case of this kind was upheld by "log-
ical deduction" from the language employed in the petition.

In *King v. Kent's Heirs,* 29 Ala. 542, the sufficiency of a
petition for the sale of lands was sustained on collateral
attack, notwithstanding its averments of the jurisdictional
facts were in form but conclusions of the pleader; the court
saying: "It is undeniably true that the words, 'Your peti-
tioner is satisfied that said estate would be less injured,'
&c., would not be deemed an averment in pleading when
assailed by demurrer, or by motion to dismiss. It would be
regarded as the assertion of the conviction of the petitioner's
mind, and not of a fact. But the question is materially dif-
ferent when the petition is collaterally assailed as the predi-
cate of the jurisdiction of the court."

Recurring again to the averments of the petition before
us, what is necessarily implied in the averment "that the

[Gainer & Co. v. Pollock & Co.]

personal property of the estate is insufficient to pay the debts of the estate," giving to these words their natural meaning and import? The words "debts of the estate" naturally import *debts owed by the decedent's estate.* And treating the former as the equivalent of the latter, the whole averment reasonably embodies or implies an allegation of two facts, viz: that the decedent's estate owes debts, and that the personal property is insufficient for the payment thereof, and therefore, substantially complies with the statute.

The case of *Quarles v. Campbell*, 72 Ala. 64, while it suggests a suitable, and the better, mode of presenting in the petition in such cases the facts constuting, under the statute, the jurisdictional grounds for such proceeding, lays down a stricter rule of pleading than is required by the terms of the statute itself, or the forms and analogies furnished in our system of pleading for other courts of the State, and is, therefore, modified, to the extent that it holds it necessary for the petition to contain an averment of the existence of debts to *a certain or an estimated amount.*

The case of *Abernathy v. O'Reilly*, 90 Ala. 495, is opposed to the principles and authorities herein referred to, and is, therefore, overruled on the point indicated by its first headnote.

The judgment of the Circuit Court is reversed, and judgment will be here rendered denying appellees' petition.

Reversed and rendered.