(77 South. 344)

ALVAREZ et al. v. WARNER et al.
(1 Div. 7.)

(Supreme Court of Alabama. Dec. 20, 1917.)

1. EXECUTORS AND ADMINISTRATORS ⬦336— SALES OF LAND — APPLICATION — SUFFICIENCY.

Petition of administrator de bonis non, stating that personalty is insufficient to pay debts, that there is no personalty, that debts were $500 and are unpaid, that the heirs are two sons of deceased, both over 21, and stating their residence, is sufficient, under Code 1907, § 2622, stating requisites of such petition.

2. EXECUTORS AND ADMINISTRATORS ⬦338— SALES OF LANDS—NECESSITY.

The existence of a necessity for subjecting the lands to sale to pay debts is of the essence of the application by a personal representative to sell for such purpose, and hence the heirs

may show the nonexistence or the extinguishment of such debts in defense of the application to sell.

3. EXECUTORS AND ADMINISTRATORS ⊛⟿336—SALES OF LANDS—PETITION—REQUISITES.

Petition authorized by Code 1907, § 2622, by personal representative in probate court for sale of lands to pay debts, is jurisdictional, and must conform to statute, which requires the lands to be described accurately.

4. EXECUTORS AND ADMINISTRATORS ⊛⟿349(2)—SALES OF LANDS—VALIDITY.

Where general county administrator assumed to administer estate and was removed, sale on petition of administrator de bonis non will be sustained on collateral attack by ejectment suit, on theory that there was no vacancy authorizing appointment of administrator de bonis non.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Ejectment by Mattie Alvarez and others against Lloyd E. Warner and others. From the judgment rendered, plaintiffs appeal. Affirmed.

Harry T. Smith & Caffey, of Mobile, for appellants. Webb, McAlpine & Grove, of Mobile, for appellees.

MAYFIELD, J. The action is ejectment. Both parties claim title through a common source—appellants as heirs, and appellees as purchasers at a sale of the property in the probate court of Mobile county, the sale being decreed on the petition of the administrator de bonis non of the estate of the common source. If the sale in the probate court divested the title out of the heirs of intestate, then the judgment below is correct; if it did not so divest the title, then the judgment below as for the purchasers is wrong, and it should be reversed.

Whether or not the title was divested out of the heirs by the sale depends upon whether or not the sale was void. Whether or not the sale was void depends, in this collateral attack upon it, upon whether or not the probate court acquired jurisdiction of the subject-matter, as for the purpose of selling it to pay debts of the intestate, the common source of title; and whether or not the court acquired jurisdiction for such purpose depends upon the sufficiency of the petition of the personal representative, filed in such court, seeking a sale of the lands of the intestate to pay his debts.

The petition, which was short, omitting formal parts, together with the description of the lands, was as follows:

"The petition of Robert M. Sands, administrator de bonis non of the estate of Vincent Alvarez, deceased, respectfully shows that personal property of said estate is insufficient to pay the debts which have been presented against said estate; that no personal property of said estate has ever come to the knowledge or possession of your petitioner, and a large amount of debts have been presented against said estate, to wit, debts amounting to about $500. Your petitioner further shows that said debts have not been paid and still remain against the estate. Your petitioner therefore states that the personal property of said estate is wholly insufficient to pay the debts of said deceased which have already been presented, and that for the purpose of paying said debts it will be necessary to sell those certain pieces or parcels of land, which are accurately described, etc. * * * Your petitioner further shows that the heirs of said deceased are his two sons, to wit, B. F. Alvarez and A. K. Alvarez, both of whom are over 21 years of age, and reside in Mobile county, state of Alabama. Your petitioner therefore prays that the lands above described may be ordered to be sold for the purpose of paying the debts of said estate, and that such proceedings, orders, and decrees may be had and made as may be proper and necessary to legally effect the sale of said lands for the purpose aforesaid."

Section 2622 of the Code of 1907 provides for the application or petition of the personal representative to sell the lands of the decedent. This section reads as follows:

"Application—By Whom and to Whom Made—Contest.—The application for the sale of lands, either for payment of debts or for division, must be made by the executor or administrator in writing, verified by affidavit, to the probate court having jurisdiction of the estate, must describe the lands accurately, must give the names of the heirs or devisees, and their places of residence, and must also state whether any, and which of such heirs or devisees, are under the age of twenty-one years, or of unsound mind; and such application may be contested by any party interested in the estate."

[1] Comparing the provisions of the statute with the facts averred in the petition, we feel no hesitancy in holding that the facts alleged in the petition were sufficient to give the court jurisdiction to sell. The objection urged against the sufficiency of the petition is that it fails to aver facts to show, or to even allege as a conclusion, that "the personal estate is insufficient" for the payment of the debts of decedent or intestate. We are not able to agree with counsel for appellants in this construction of the petition, but hold that the averments were sufficient in this respect, if such were necessary to confer jurisdiction on the probate court to sell lands to pay debts. While it is true the averments do not follow the language of the statute (section 2620 of the Code), yet we hold the averments sufficient. In fact, the averments are fuller than the language of the statute. It is argued that it is not averred that the debts were those due from or against the intestate; neither does the statute so describe the debts, though the courts have construed the statute to include only debts of or against the decedent, and not those incurred by the personal representative. It should be observed, however, that such averments, as to the insufficiency of personal property to pay debts, are not specified in section 2622, though, of course, it would be a defense to show that the debts were not those of intestate or decedent, or that there was personal estate sufficient with which to pay the debts of intestate. Without holding that some averment as to debts and the insufficiency of personalty to pay the

debts is or is not necessary to confer jurisdiction and support a sale on collateral attack, we do hold that the averments in the petition in question were sufficient.

[2] The existence of a necessity for subjecting the lands to sale to pay debts is of the essence of the application by a personal representative to sell for such purpose, and the heirs may show the nonexistence or the extinguishment of such debts in defense of the application to sell. Kornegay v. Mayer, 135 Ala. 146, 33 South. 36; Warren v. Hearne, 82 Ala. 554, 2 South. 491; Trimble v. Fariss, 78 Ala. 260.

[3] The petition authorized or required by section 158 of the Code of 1896 in the probate court by a personal representative for the sale of lands is a jurisdictional requirement, and the petition must conform to the requirements of the statute. It must describe the lands accurately, and if the description is inaccurate or uncertain it renders the decree and all proceedings void. Kornegay v. Mayer, supra. Most all of the cases in this state, up to that time, were reviewed on this subject by this court in the case of Cotton v. Holloway, 96 Ala. 544, 12 South. 172, and some were expressly overruled, and others modified, which held sales void, on account of similar defects in the petition. The doctrine in that case is well expressed in the headnote, which is as follows:

"A petition by an administrator for an order to sell lands for the payment of debts (Code, §§ 2104, 2106), which alleges that 'the personal property of the estate is insufficient to pay the debts of said estate,' and * * * 'that it is necessary to sell said real estate of said decedent to pay the debts of said estate,' is sufficient to give the court jurisdiction; it being unnecessary to allege the amount of the debts or the value of the personal property (overruling Abernathy v. O'Reilly, 90 Ala. 495 [7 South. 919] and modifying Quarles v. Campbell, 72 Ala. 64)."

In the Cotton-Holloway Case the history of the statutes on the subject in hand is given, and the statutes (which are now practically the same) are there given or referred to as controlling at the date of the sale in question. That case has been often followed and never departed from, and has now become a rule of property, and we are not at liberty now to depart therefrom. In that case it was said:

"The general rule is, where the court has jurisdiction of the parties and the subject-matter of the particular case, its judgment is not open to attack or impeachment by parties or privies in any collateral action or proceeding whatever. No error in its proceeding which did not affect the jurisdiction will render the proceedings void, nor can such errors be considered when the judgment is brought collaterally into question." 96 Ala. 550, 12 South. 174.

"In Duval v. McCloskey's Heirs, 1 Ala. 708, the sale was attacked collaterally on the ground that there was not sufficient of record to show jurisdiction in the court making the sale. The petition for the sale was lost, but the decree of sale recited the fact that a petition had been filed, and that it showed the personal property

was insufficient to pay the debts of the estate, and the decree was sustained in this court. This case was afterwards reaffirmed in Field's Heirs v. Goldsby, 28 Ala. 224 [65 Am. Dec. 341], and has frequently been cited with approval in later decisions of this court. In Saltonstall v. Riley, 28 Ala. 164 [65 Am. Dec. 334], the petition for the sale of the decedent's lands contains almost the identical language employed in the petition we are now considering, and this court, on collateral attack, held it to be sufficient, and sustained the decree of sale. In King v. Kent's Heirs, 29 Ala. 542, it is said: 'In determining upon the validity of proceedings in the orphans' court, when collaterally assailed, it is only necessary to inquire whether the court had jurisdiction of the subject-matter; for the proceeding is in rem, and no mere irregularities can render it void.' And in the same case it is further said: 'When the petition is directly assailed, the question is one of pleading, and the intendments are made against the pleader; but a different rule prevails when the proceedings have gone into a decree, under which rights of property have attached. Then every reasonable intendment in the construction of the language of the petition must be in favor of the validity of the paper.' " 96 Ala. 552, 12 South. 175.

"In Stuart v. Allen, supra [16 Cal. 474, 76 Am. Dec. 551], it is said: 'We can make no nice criticism of the mere form of a statement in cases like this, and hold its proceedings void.' In Iverson v. Loberg, supra [26 Ill. 179, 79 Am. Dec. 364], it is said: 'We are obliged to affirm this judgment, much against our inclination. This sale was no doubt a great outrage, and we should, as at present advised, not hesitate to reverse the proceeding, were it directly before us. But here it comes up collaterally, and we cannot disregard that proceeding, unless it was void for the want of jurisdiction. We cannot hold that such was the case. The petition stated enough to require the court to act in the premises, to set it in motion, and that was sufficient to give it jurisdiction.' And in De Bardelaben v. Stoudenmire, supra, 48 Ala. 643, it is said: 'Although it is not directly so stated in the petition, yet what is said, reasonably interpreted, leads to that conclusion; * * * any words that necessarily convey to the mind all that the statute requires are sufficient.' In Meadows v. Meadows, 73 Ala. 356, the sufficiency of a petition for the sale of lands in a case of this kind was upheld by 'logical deduction' from the language employed in the petition." 96 Ala. 553, 12 South. 176.

"* * * The words 'debts of the estate' naturally import debts owed by the decedent's estate. And treating the former as the equivalent of the latter, the whole averment reasonably embodies or implies an allegation of two facts, viz., that the decedent's estate owes debts, and that the personal property is insufficient for the payment thereof, and therefore substantially complies with the statute." 96 Ala. 554, 12 South. 176.

[4] It is also insisted that the sale was void, because the appointment of the administrator de bonis non was void, in that there was no vacancy when petitioner was appointed, and hence that petitioner was not the legal personal representative of the estate, and had no right to file the petition, and that the court acquired no jurisdiction by virtue of the filing of the petition above set out. If these facts were shown by the record in question, then the result contended for would follow. The trouble is the record does not affirmatively show these facts. We

hold that it shows the contrary—that there was a vacancy when petitioner was appointed, that the former administrator had been removed theretofore, and that the appointment in question was valid. This we think is shown by an inspection of the record, even if the question had been raised on a direct appeal, instead of collaterally, as it here is. We do not find that the original administrator was ever administrator of the estate in question, except by virtue of his appointment as general administrator for Mobile county. While he did assume to begin administration on the estate, it was by virtue of his general letters of administration, and not by virtue of an appointment as a special administrator of this particular estate. It is conceded that he was properly removed as county administrator, and that this terminated his right or duty to further administer the estate, although he would be required to settle up his administration, so far as he had theretofore officiated, with his successor when appointed. His removal did not relieve him or his bondsmen from accountability for what he had theretofore done as administrator, but only terminated his authority to further administer the estate. What was said by this court in the case of Sands, Adm'r, v. Hickey, 135 Ala. 322, 326, 327, 33 South. 827, 828, is apt and conclusive here:

"While it is true that, in the absence of a vacancy in the administration, the second grant of letters would be a mere nullity, and pronounced void even in a collateral proceeding, yet it is well settled that, in the absence of evidence to the contrary, such a vacancy may and will be presumed, on collateral attack, from the mere fact of the court's having granted the administration de bonis non. The second grant can be held invalid only when there is such evidence affirmatively showing that no such vacancy existed.' Bean v. Chapman, 73 Ala. 140, 144; Morgan v. Casey, 73 Ala. 224; Allen v. Kellam, 69 Ala. 446; Chappel v. Doe, 49 Ala. 153; Gray v. Cruise, 36 Ala. 559. In this case there is no evidence affirmatively showing that there was not a vacancy existing in the administration, at the time of the appointment of the plaintiff. * * * The authority of an administrator de bonis non is that of an administrator in chief, lessened in consequence of the previous administration, and if letters apparently in chief are issued, when they should be de bonis non, and without qualifying or limiting the grant of administration, the grant, not being void, has only the effect of an excess of power. Moseley v. Mastin, 37 Ala. 219."

It follows that on collateral attack the sale of the lands in question by the probate court must be held valid, and to have divested all title out of appellants; and, as they attempted to show no other title, they were not entitled to recover in this action.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.