## MARTIN v. BAINES.    (6 Div. 997.)

Supreme Court of Alabama.    March 29, 1928.

1. Equity ⟜264—Motion to strike amendment to bill relating to same transaction between same parties was properly overruled (Code 1923, § 6558).

Under Code 1923, § 6558, where amendment to bill related to the same transaction between the same parties, the motion to strike was properly overruled.

2.·Equity ⟜222—Bill is not demurrable because containing blanks unless omitted averment is essential to equity of bill (Chancery Rule 10).

That a bill contains blanks does not render it demurrable unless omitted averment is essential to the equity of the bill, though under Chancery Rule 10 such bill may be ordered to be taken off the file.

3. Equity ⟜132, 139—Bill must name parties who are to be made defendants as such and contain a prayer for process (Code 1923, § 6525; Chancery Rules 7, 17).

Though Code 1923, § 6525, prescribing form of bills in equity, does not require that par-

ties who are to be made defendants shall be named in prayer as such or that bill shall contain a prayer for process, such is the requirement of Chancery Rules 7 and 17 (Code 1923, vol. 4, pp. 910, 912) and decisions of Supreme Court.

**4. Evidence ⊜⇒451—To constitute patent ambiguity in description of real property not explainable by extrinsic evidence, description must apply equally to two or more different tracts.**

To constitute a patent ambiguity in description of real property in a contract, which may not be explained by extrinsic evidence, description on its face or aided by judicial knowledge must apply equally to two or more different tracts or parcels.

**5. Vendor and purchaser ⊜⇒22—That description without aid of attendant circumstances is too indefinite to identify property is insufficient to render contract void.**

To render contract void because of ambiguity in description of real property, it is not enough that the description without the aid of attendant circumstances under which it was executed is too indefinite to identify the property.

**6. Vendor and purchaser ⊜⇒22—If description furnishes data which, when aided by extrinsic evidence, is made certain, contract will be sustained.**

If description of real property in contract furnishes data which, when aided by extrinsic evidence as to attendant circumstances and the description in the contract, is made certain and can be applied to the property in controversy, it will be sustained.

**7. Vendor and purchaser ⊜⇒22—Description of property in contract for sale held not on its face to apply equally to two or more tracts, and hence is not a patent ambiguity.**

Description of property in contract for sale as "part of lots 1, 2, and 3, block 17C, East Lake, Birmingham, Ala., being 150 feet on Eighty-Fifth Street North, and running back in uniform width of 150 feet," does not on its face apply equally to two or more parcels or tracts, and is therefore not a patent ambiguity, and parol evidence is admissible to identify the property and apply the description to the property in controversy.

**8. Specific performance ⊜⇒114(2)—Bill for specific performance of contract, setting out alleged copy of contract in hæc verba, held not objectionable as pleading verbal contract.**

Bill for a specific performance of contract for sale of land, setting out in hæc verba what is averred to be a copy of the agreement which appears to have been approved and signed by the parties thereto, *held* not subject to objection that it pleaded a verbal contract.

**9. Evidence ⊜⇒5(2)—It is judicially known that there is no such thing as copy of verbal contract.**

It is a matter of judicial knowledge that there is no such thing as a copy of a verbal contract.

**10. Specific performance ⊜⇒114(4)—Bill for a specific performance of contract for sale of land held demurrable for failure to aver that complainant was ready, willing, and able to perform contract.**

Bill for a specific performance of contract for sale of land, merely alleging that complainant is ready and willing to perform, without averring ability to perform, *held* demurrable on ground that it failed to aver that complainant is ready, willing, and able to perform contract according to its terms.

**11. Equity ⊜⇒117—Demurrers for nonjoinder of parties for failure to make respondent's wife party held mere speaking demurrers.**

Where there was nothing in averments of bill for specific performance of contract for sale of land to show that respondent had a wife or that she was a party to the contract, demurrers for nonjoinder of parties, in that respondent's wife was not made a party, were mere speaking demurrers.

**12. Specific performance ⊜⇒10(2) — Dower right of respondent's wife is not available either by demurrer or answer as defense to bill for specific performance of contract for sale of land.**

That respondent was a married man and that his wife had an inchoate right of dower is not a defense to a bill for specific performance of a contract for sale of land available either by demurrer or answer.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by B. M. Baines, Jr., against P. D. Martin. From a decree overruling a demurrer to the bill, respondent appeals. Reversed and remanded.

This is a bill by the appellee against the appellant to enforce the specific performance of a contract to convey certain real estate situated in Birmingham, Jefferson county, Ala.

The bill avers:

"That on or about July 15, 1926, the respondent, P. D. Martin, was seized in fee simple of certain real estate located in Jefferson county, Birmingham, Ala., and described in the agreement hereinafter set out; that on —— complainant and respondent entered into an agreement, whereby the complainant agreed to buy and respondent agreed to sell said property described in said agreement, of which the following is a copy."

Following these averments the alleged copy of the agreement, dated July 15, 1926, signed by both parties, was set out in hæc verba. The copy of the agreement set out in the original bill described the property as "lots 1, 2, and 3 in block 17C, East Lake Birmingham, Ala., located at Eighty-Fifth street and Third Avenue North." In the bill as amended it is described as "part of lots 1, 2, and 3, block 17C, East Lake, Birmingham, Ala., being 150

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

feet on Eighty-Fifth Street North and running back in uniform width of 150 feet."

The contract fixed the purchase price at $2,200, $100 to be paid as "earnest money and part of the purchase price," receipt of which is recited in the agreement, the remainder payable $200 "at the close of said deal," the balance of $1,900 payable $50 per month, secured by first mortgage, each note payable on or before maturity with interest, and the contract provided that:

"The trade is to be closed within 15 days, or as soon as merchantable title can be effected, and conveyance is to be made by warranty deed."

The bill further avers that:

Complainant "placed the $100 earnest money in the hands of the respondent's agent; that he signed the contract as stated above, and complied with all the conditions of said agreement on his part to be performed, and demanded a conveyance of said property, * * * but the respondent refused and continues to refuse to carry out his part of said agreement. Complainant avers that he is *still ready and willing* to comply with said contract or agreement of purchase and to pay the purchase money of said property to the respondent in accordance with the terms and conditions of said agreement."

The respondent is not named in the prayer of the bill nor made a defendant thereto, and there is no prayer for process.

Motion was made to strike the amendment because it substituted a new cause of action. The motion was overruled, and thereupon the respondent demurred to the bill assigning numerous and sundry grounds, among others, that the bill contained blanks; that the bill does not aver that the contract was in writing so as to take it out of the statute of frauds; that the bill as amended discloses that the contract is affected with a patent ambiguity in the description of the property and is void for uncertainty, and that some of the provisions of the contract are left open to future treaty; that the bill fails to aver that the complainant is ready, willing, and able to carry out his part of the contract; and that there is a nonjoinder of parties in that defendant's wife is not made a party.

Barber & Barber, of Birmingham, for appellant.

A prayer for process is a necessary part of a bill in equity. Chancery Rule 17, 4 Code 1923, p. 912; Sims Ch. Pr. § 294; Jackson v. Putman, 180 Ala. 39, 60 So. 61. Bills containing blanks are fatally defective, and are subject to demurrer or motion to strike. Chancery Rule 10, Code, p. 911. If oral testimony be required to supply any essential terms of a contract to convey lands, there is a failure to make a case for specific performance. Alba v. Strong, 94 Ala. 163, 10 So. 242; Ezzell v. Holland Stave Co., 210

Ala. 694, 99 So. 78. The bill is insufficient for failure to aver respondent owned the land on the day the contract is alleged to have been entered into. Penney v. Norton, 202 Ala. 690, 81 So. 666; Ency. Pl. & Pr. 451. The bill must aver ability to perform on the part of complainant. Sloss v. Payne, 192 Ala. 69, 68 So. 359; Long v. Addix, 184 Ala. 236, 63 So. 982; Coley v. English, 209 Ala. 688, 96 So. 909; Cudd v. Wood, 205 Ala. 682, 89 So. 52; 13 C. J. 764; Moss v. King, 186 Ala. 475, 65 So. 180. Facts constituting an offer to perform are necessary to be averred. Hart v. McClellan, 41 Ala. 251; Mitchell v. Wright, 155 Ala. 458, 46 So. 473; Bell v. Thompson, 34 Ala. 633. An amendment should be stricken if it sets up a new cause of action from that proceeded upon in the original bill. Ala. Term. Co. v. Hall, 152 Ala. 262, 44 So. 592; Nelson v. First Nat. Bank, 139 Ala. 578, 36 So. 707, 101 Am. St. Rep. 52; 21 Ency. Pl. & Pr. 20; Sims Ch. Pr. § 340; Buchanan v. Larkin. 116 Ala. 431, 22 So. 544. A bill showing on its face that the contract is in contravention of the statute of frauds should be stricken on motion. Gachet v. Morton, 181 Ala. 179, 61 So. 817; Rushton v. McKee, 201 Ala. 49, 77 So. 343; Griffin v. Hall, 111 Ala. 601, 20 So. 485; Ward v. Janney, 104 Ala. 122, 16 So. 73.

McCollough & McCollough, of Birmingham, for appellee.

Counsel discuss the questions raised and treated but without citing authorities.

BROWN J. (after stating the facts as above). [1] The amendment to the bill relates to the same transaction between the same parties, and the motion to strike was properly overruled. Code 1923, § 6558; Birmingham Ry., Light & Power Co. v. Oden, 164 Ala. 1, 51 So. 240.

[2] Rule 10 of Chancery Practice, cited by appellant, provides that:

"Bills which contain blanks are defective, and may be ordered to be taken off the file."

However, the fact that a bill contains blanks does not render it demurrable, unless the omitted averment is essential to the equity of the bill. As the rule indicates, it may be enforced by motion to take the bill off of the file. United States Fidelity & Guaranty Co., et al. v. Pittman et al., 183 Ala. 602, 62 So. 784; Bell v. Burkhalter et al., 183 Ala. 527, 62 So. 786; McKenzie v. Baldridge, 49 Ala. 564.

[3] While the statute (Code 1923, § 6525) prescribing the form of bills in equity does not require that the parties who are to be made defendants shall be named in the prayer as such, or that the bill shall contain a prayer for process, this is the requirement of the rules of chancery practice and the decisions of this court. Chancery Rules 7 and 17, Code

1923, vol. 4, pp. 910, 912; McDonald v. McMahon's Adm'r., 66 Ala. 115. In the case cited it was said:

"The names of parties must appear in the bill; and though named in the bill, none can be regarded as parties defendant against whom process is not prayed."

And in Jackson et al. v. Putman et al., 180 Ala. 39, 60 So. 61, the reason of the rule is stated.

[4] To constitute a patent ambiguity in the description of real property in a contract which may not be explained by extrinsic evidence, the description on its face, or aided by judicial knowledge, must apply equally to two or more different tracts or parcels. Chambers v. Ringstaff, 69 Ala. 140; Brannan v. Henry, 142 Ala. 698, 39 So. 92, 110 Am. St. Rep. 55; Alvarez et al. v. Warner et al., 201 Ala. 50, 77 So. 344.

[5, 6] It is not enough to render the contract void that the description, without the aid of the attendant circumstances under which it was executed, is too indefinite to identify the property. If the description furnishes data which, when aided by extrinsic evidence as to the attendant circumstances, and the description in the contract, is made certain and can be applied to the property in controversy, it will be sustained. East et al. v. Karter, 215 Ala. 375, 110 So. 610; Minge v. Green, 176 Ala. 343, 58 So. 381; Lodge v. Wilkerson, 165 Ala. 302, 51 So. 609; Ellis v. Burden, 1 Ala. 458; Reynolds v. Shaw, 207 Ala. 274, 92 So. 444; O'Neal v. Seixas, 85 Ala. 80, 4 So. 745; Caston v. McCord, 130 Ala. 320, 30 So. 431; Homan v. Stewart, 103 Ala. 644, 16 So. 35; Mead v. Parker, 115 Mass. 413, 15 Am. Rep. 110; Allen v. Kitchen, 16 Idaho, 133, 100 P. 1052, L. R. A. 1917A, 563, 18 Ann. Cas. 914.

[7] The bill avers and the demurrer admits that:

"On or about July 15, 1926, the respondent, P. D. Martin, was seized in fee simple of certain real estate in Jefferson county, Birmingham, Ala., and described in the agreement hereinafter set out [to wit] part of lots 1, 2, and 3, block 17C, East Lake, Birmingham, Ala., being 150 feet on Eighty-Fifth Street North, and running back in uniform width of 150 feet."

To apply the reasoning of Chief Justice Stone in the leading case, Chambers v. Ringstaff, supra:

"It was admitted that the lands sued for had been the property of Mrs. Knight. Now, if it be conceded that the unaided description of the lands given in the mortgage is too uncertain, because it equally describes other lands in other government surveys outside of the state, how stands the question, when it is shown that Mrs. Knight owned and occupied the lands thus numbered, which are in Alabama, and there is an absence of proof that either she or her husband owned or claimed any other lands, either in this state or elsewhere? *It would be*

*very unreasonable to presume they intended to convey lands they had no claim to. We rather presume they intended to convey lands they owned.* Doubtful terms of a contract are construed most strongly against the grantor or promisor, '*ut res magis valeat quam pereat.*'"

So here it is admitted that appellant was seized in fee simple of a tract or parcel of land in East Lake, Birmingham, Ala., fronting 150 feet on Eighty-Fifth Street North, and running back in uniform width 150 feet, located in block 17C, and being a part of lots 1, 2, and 3 in said block. This description does not on its face apply equally to two or more parcels or tracts, and is therefore not an ambiguity patent, and parol evidence is admissible to identify the property and apply the description to the tract in question. Chambers v. Ringstaff, 69 Ala. 140; East v. Karter, supra.

The cases cited and relied on by the appellant do not conflict with the cases cited above, or with the holding in this case. In Shannon v. Wisdom, 171 Ala. 409, 413, 55 So. 102, 103, it was said:

"Contracts for the sale of lands must describe the lands with such certainty that they can be identified without resorting to oral evidence. *While the writing need not give a technical description of the lands contracted for, it must contain facts sufficient to identify them.* If it is necessary to resort to oral evidence *of the intention of the parties* as to the lands bargained for, the writing is not sufficient, and the statute is not complied with."

While the rule is not here as clearly expressed as it might have been, this utterance, when analyzed, is to the effect that if the description of the lands in the contract states facts from which it may be identified and the description applied, by showing the attendant circumstances, it is sufficient, but parol evidence will not be received to establish the intention of the parties vel non, nor to complete and perfect a description on its face insufficient and incapable of application to the property in question.

In Ezzell v. Holland Stave Co., 210 Ala. 694, 99 So. 78, it is held that when the contract is, evidenced by several writings—in that case letters—the writings must be so connected and co-ordinated in themselves that it is not necessary to resort to extrinsic facts to show that they relate to the subject-matter of the contract.

In Mutual Building & Loan Ass'n v. Wyeth, 105 Ala. 639, 17 So. 45, not cited, but pertinent —the deed undertook to convey two-thirds of a specifically described tract. This conveyance was held void for uncertainty for the reason, to state it in the language of the opinion:

"The conveyance is not of the lot which is sufficiently described, nor of an undivided interest in said lot, but only of 'certain two-thirds' of

a particularly described lot *without any description or even attempted identification of the particular two-thirds* of the parcel intended to be embraced in the instruments,"

—an ambiguity patent on the face of the conveyance.

[8, 9] We are not of opinion that the bill is subject to the objection that the contract pleaded is a verbal contract, or that any of its terms are left open to future treaty. The bill sets out in *hæc verba* what is averred to be a copy of the agreement, and this appears to have been approved and signed by the parties thereto. That there is no such thing as a copy of a verbal contract is a matter of judicial knowledge. The agreement clearly contemplates that the notes and mortgage provided for are to be executed and delivered contemporaneously with the execution and delivery of the deed and to draw interest from that date.

The defect in the bill pointed out in argument, that the bill does not affirmatively aver that the defendant owned the property at the time the contract was entered into—the averment being "that on *or about* July 15, 1926, he was seized, etc."—is not taken by the demurrer.

[10] By the terms of the contract pleaded the complainant engaged to pay $100 to the defendant in cash as earnest money and $200 in cash when the contract was closed, the balance to be paid in installments of $50 per month secured by first mortgage on the property, and the bill avers that the complainant "placed the $100 earnest money in the hands of respondent's agent," without showing that such agent had authority to receive the money, and, while the bill avers as a mere conclusion that complainant "complied with all the conditions of the agreement on his part to be performed," it does not aver payment or tender of the $200 to be paid in cash, nor does it aver that the complainant is ready, willing, *and able* to perform the contract according to its terms; it merely avers that he is ready and willing to perform, without averring ability to perform. This defect is pointed out by specific grounds of demurrer, and the demurrer for this reason was well taken and should have been sustained. Coley v. English et al., 209 Ala. 688, 96 So. 909; Cudd v. Wood, 205 Ala. 682, 89 So. 52.

[11, 12] There is nothing in the averments of the bill to show that the respondent has a wife, or that she was a party to the contract; hence the demurrers for nonjoinder are mere speaking demurrers. Sanders v. Wallace, 114 Ala. 259, 21 So. 947. Moreover, if it had appeared that the respondent was a married man and that his wife had an inchoate right of dower, this is not a defense to the bill available either by demurrer or answer. Minge v. Green, 176 Ala. 343, 58 So. 381.

For the error pointed out, the decree of the circuit court is reversed.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.